Maxwell, J.
The plaintiff filed his petition in the district court of Otoe county, alleging that “on or about the eighteenth day of June 1874, Jacob Shoff, late of Otoe county, Nebraska, deceased, made and executed a chattel mortgage to the said plaintiff to secure the sum of $2125, which mortgage was duly recorded in the office of the clerk of Otoe county, Nebraska, on the nineteenth day of June 1874, and by the terms thereof, the sum of $1687.12 *374 is now due thereon; that default has been made in the payment of the last named sum, which is now due and payable, and no proceedings have been had for the collection of the said sum; that said plaintiff took possession of the goods, chattels, wares and merchandize mentioned and described in said mortgage deed, on or about the twenty-second day of October, A. D., 1874; that on or about the fifteenth day of September, A. D., 1874, at the regular term of the district court, in and for Otoe county, Nebraska, holden at Nebraska City, in the county and state aforesaid, the defendant, the Nebraska City Natioal Bank, obtained a judgment against Wesley Conner, J. Gorden Conner, and Thomas TI. Adams, for the sum of $1098.15 and $12.60 costs; that on or about the twenty-second day of October, A. D., 1874, the said defendant, the Nebraska City National Bank, sued out an execution against the said plaintiff, directed to the defendant, Frank M. Farbar, as sheriff, who in accordance therewith, and by the direction of the defendant, the Nebraska City National Bank, levied on the goods and chattels described in the chattel mortgage aforesaid, and that said goods and chattels are about to be sold by the said Frank NX. Farbar, as sheriff, for the satisfaction of the said execution and judgment in favor of the Nebraska City .National Bank. The said plaintiff further avers that he is not the owner of the said goods and chattels about to be sold by the said defendant, Frank M. Farbar, as sheriff, for the satisfaction of said judgment rendered in favor of said defendant, the Nebraska City National Bank, and against Wesley Conner, J. Gorden Conner, and the said plaintiff as aforesaid, but that he is only entitled to the possession, under and by virtue of said chattel mortgage, a copy of which, is attached to and made a part of the petition, and that he is proceeding to foreclose the same, and has advertised the property therein described as required bylaw, and the terms and condition of said mortgage; *375 and therefore prays this honorable court, to grant a temporary order of injunction, restraining the said defendants, the Nebraska City National Bank, and Frank M.' Earbar, as sheriff, from selling and disposing of said goods and chattels as aforesaid, for the satisfaction of the judgment rendered by the district court as aforesaid, and that upon the final hearing, a perpetual injunction may be allowed, restraining the defendants, and each of them, from disposing and selling said goods and chattels, for the satisfaction of said judgment.”
The defendants demurred to the petition, on the ground, that it did not state facts sufficient to constitute a cause of action. In December 1874, the demurrer was sustained, and the cause dismissed, to which the plaintiff excepted. The ease is brought into this court, by petition in error.
The rule is well settled, that a chattel mortgage transfers to the mortgagee, the whole legal title to the things mortgaged, subject only to be defeated by performance of the condition. Butler v. Miller, 1 Conn., 496. Tallon v. Ellison & Sons, 3 Neb., 74. Brown v. Bement, 8 Johns. 96. Ackley v. Finch, 7 Cow., 290. But the mortgagor, may redeem the mortgaged projerty, at any time before the sale. Charter v. Stevens, 3 Denio, 33. Lansing v. Goelet, 9 Cow., 372. Hart v. Ten Eyck, 2 Johns. Ch., 100.
The petition entirely fails to state a case that would authorize the interference of a court of equity to restrain the sale.
Whatever rights, the heirs of the Shoff estate may have in the mortgaged property, the plaintiff is not in a position, so far as appears from the petition, to champion their interests.
The judgment of the district court is therefore affirmed.
Judgment aeeiemed.