Randall v. Persons.

M. RANDALL v. CARL M. PERSONS.

FILED NOVEMBER 8, 1894.    No. 5418.

1. **Replevin:** PLEADING AND PROOF.   In replevin, as in all other actions, the evidence should correspond to the allegations in the pleadings; and where a plaintiff in replevin bases his right to

the possession of the property claimed by reason of a special ownership therein or lien thereupon, he should set out in his petition the facts with reference to such special ownership or lien. *Haggard v. Wallen*, 6 Neb., 271, reaffirmed.

2. Allegata et Probata: VARIANCE: REPLEVIN. A litigant cannot plead one thing and prove another. He cannot plead that he is the absolute owner of property and satisfy such plea by proving that he simply has a lien upon it; nor can he plead that he is entitled to the possession of property by virtue of a lien upon it and satisfy such plea by proving that he is the absolute owner of the property.

3. Chattel Mortgages: LIEN: TITLE TO PROPERTY. The legal title to property pledged by a chattel mortgage remains in the mortgagor until divested by foreclosure proceedings and sale in pursuance of law; and until the title of the mortgagor is thus divested the mortgagee has merely a lien upon the property. *Musser v. King*, 40 Neb., 892, reaffirmed.

4. Replevin: CHATTEL MORTGAGE AS EVIDENCE OF OWNERSHIP. A plaintiff in replevin pleaded that he was the absolute owner and entitled to the immediate possession of the property replevied. The defense was a general denial. To make his case plaintiff introduced in evidence a chattel mortgage executed to him on the property. *Held*, Irrelevant under the issues.

ERROR from the district court of Hall county. Tried below before HARRISON, J.

*M. Randall* and *Darnall & Kirkpatrick*, for plaintiff in error.

*Charles G. Ryan*, contra.

RAGAN, C.

This is an action of replevin brought in the district court of Hall county by Carl M. Persons against M. Randall. Persons alleged in his petition that he was the owner of and entitled to the immediate possession of the property replevied, the same being "an office chair." The answer of Randall was a general denial. Persons had a verdict and judgment, and Randall brings the case here for review.

The evidence in the bill of exceptions establishes, and tends to establish, the following facts : Persons sold the property and other property to one Meth, taking the latter's note for the purchase price of the property and a chattel mortgage thereon to secure the payment of the note.    This mortgage, or a copy of it, was duly filed in the office of the county clerk of Hall county, where the property was situate. Persons afterwards sold and indorsed Meth's note to a bank in Grand Island, and the note not being paid at maturity, the bank sued Meth, and Persons as an indorser thereon, and obtained judgment against them for the amount of the note in suit.    Persons then paid the amount of this judgment and interest to the bank, and he and Meth entered into an agreement, the substance of which was that the contract of sale of the property between Meth and Persons should be and was rescinded, the title to the property re-invested in Persons, and Meth was to pay Persons a small sum of money.    The property, however, was not at this time removed from the place of business or office of Meth, where it was when the agreement between him and Persons was made.    Soon after this time an execution was levied upon this property by one of Meth's judgment creditors, and the property in controversy, and other property, was, by the consent of Meth and the execution creditor, sold to Randall, he paying the agreed price thereof to the attorney of the execution creditor.    We say that the evidence in the record establishes, and tends to establish, the foregoing facts, for the evidence as to nearly all of these facts was conflicting.

1. On the trial to the jury Persons, against the objection of Randall, was permitted to read in evidence to the jury the note and chattel mortgage executed by Meth to him upon the property in controversy, and this is the first error assigned here.    It is to be remembered that Persons, in his petition, alleged in himself an absolute ownership of this property.    The legal title to property pledged by a chattel

43

mortgage remains in the mortgagor until divested by fore-
closure proceedings and sale in pursuance of law, and until
the title of the mortgagor is thus divested, the mortgagee
has merely a lien upon the property.   In replevin, as in
all other actions, the evidence should correspond to the
allegations in the pleadings; and where a plaintiff in an
action of replevin bases his right to the possession of the
property claimed by reason of a special ownership therein
or lien thereupon, he should set out in his petition the
facts with reference to such special ownership or lien.
(*Haggard v. Wallen*, 6 Neb., 271; *Musser v. King*, 40 Neb.,
892.)   The note and chattel mortgage, then, introduced in
evidence in this case were irrelevant under the issues made
by the pleadings, and did not tend to prove Persons' case.

Throughout the trial counsel for Persons laid great stress
upon the fact of the existence of record of the chattel mort-
gage on this property made by Meth; and there is evidence
in the record which tends to show that Randall had actual
knowledge of the existence of this mortgage, but whether
he had such actual knowledge, he was bound by the notice
which the record imparted, and of course could not be an
innocent purchaser of this property as against the holder of
said chattel mortgage, if in force.   There is no doubt but
that the admission in evidence of the note and chattel
mortgage was error.   The difficulty in the case is to deter-
mine whether this error was prejudicial to Randall.   There
is evidence enough in the record, if believed by the jury,
to sustain a finding that Persons was the absolute owner of
this property at the time he brought this suit by virtue of
the contract between him and Meth, by which the sale of
the property to the latter was rescinded; but we cannot say
certainly whether the verdict of the jury, that " at the time
of bringing said action the said plaintiff was entitled to the
possession of said property," was based upon their finding
that the absolute title to the property was in Persons by
reason of the said contract of rescission between him and

Meth, or whether the jury's verdict was predicated upon the note and chattel mortgage introduced in evidence. For that reason we think the admission in evidence of the note and chattel mortgage was prejudicial error. If Mr. Persons made the contract with Meth, which he alleges he did, rescinding the sale of the property previously made to Meth, then, of course, that operated as a satisfaction of the note and mortgage, as the note had been reduced to judgment, and was then owned by Persons; and if Mr. Persons based his title to this property upon its repurchase from Meth, it is difficult to understand why he insisted upon also claiming possession of the property by virtue of the note and chattel mortgage. The two theories were inconsistent. If he owned the property, as he pleaded he did, the chattel mortgage had nothing whatever to do with the case. If he did not own the property and claimed special ownership in it by virtue of the chattel mortgage, then he should have pleaded the facts, and apprised the defendant of just what his claims on the property were; and had he done so, then all his testimony as to his being the absolute owner of the property because of the said contract of rescission of its sale made between him and Meth would have been irrelevant under the issues. A litigant cannot plead one thing and prove another. He cannot plead that he is the absolute owner of property, and satisfy such plea by proof that he simply has a lien upon it; nor can he plead that he is entitled to the possession of property by virtue of a lien upon it and satisfy such plea by proof that he is the absolute owner of the property. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

HARRISON, J., not sitting.