Louis C. Sharp et al. v. Charles Johnson et al.

FILED MARCH 5, 1895.    No. 4985.

Replevin: Evidence of Ownership: Pleading.  An allegation
of general ownership in an action of replevin is not supported by
proof of a mere lien or other special ownership. (*Musser v. King,*
40 Neb., 892; *Randall v. Persons,* 42 Neb., 607.)

Error from the district court of Cuming county. Tried
below before Norris, J.

*M. McLaughlin* and *J. C. Crawford,* for plaintiffs in
error.

*T. M. Franse, contra.*

Post, J.

This was an action of replevin in the district court for
Cuming county, the subject of the controversy being a field
of corn levied upon by Sharp, one of the plaintiffs in error,
to satisfy an execution against John Windell, and in fa-
vor of George Rowberg. The defendants in error there-
upon instituted this action for the recovery of the property
described, and were permitted to recover in the district court,

Sharp v. Johnson.

when the cause was removed into this court for review upon the petition in error of the sheriff.

Numerous errors are alleged, of which we shall notice but one, and which is presented by different assignments of the motion for a new trial, and the petition in error, viz., the admission in evidence of Exhibit A, being the instrument upon which defendants in error base their claim of title to the property in dispute. For a perfect understanding of the question under consideration, it is necessary to refer to the pleadings, which consist of an allegation of general ownership on the part of the plaintiff below, and a general denial by the defendant. The instrument offered in evidence, although denominated a "bill of sale," appears from its face to have been intended as security for an indebtedness due from Windell to the plaintiffs below. We have presented, therefore, the question, does proof of a mere lien or other special interest, in an action of replevin, sustain an allegation of general ownership? The precise question was presented in *Musser v. King*, 40 Neb., 892, and was there resolved in the negative, and which was followed in *Randall v. Persons*, 42 Neb., 607. And in view of the careful examination by Commissioner RAGAN of the question therein presented, a further examination of the subject at this time would be entirely superfluous. It follows that the ruling assigned is error, for which the judgment must be reversed and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.