Camp v. Pollock.

JAMES F. CAMP v. WILLIAM A. POLLOCK.

FILED SEPTEMBER 17, 1895.  No. 6421.

1. **Chattel Mortgages:** TITLE TO CHATTELS.  In this state the title to chattels mortgaged remains in the mortgagor.  The mortgage creates merely a lien.  *Musser v. King*, 40 Neb., 892, followed.

2. **Replevin:** CLAIM UNDER CHATTEL MORTGAGE: PLEADING. A plaintiff in replevin, claiming under a chattel mortgage, must in his petition allege the facts creating his interest and facts entitling him to possession.

45  771
f46  899

45  771
47  230
47  321
47  704

45  771
50  335
50  508
50  586
50  797
50  886
52  313
54  425
54  513
55  461

3. **Chattel Mortgages:** POSSESSION OF CHATTELS. There is no presumption that a mortgagee of chattels before condition broken has any right to the possession as against the mortgagor.

4. ——: ——: REPLEVIN. A mortgagee of chattels cannot maintain a possessory action against a stranger unless as between mortgagor and mortgagee the latter has the right of possession.

5. **Pleading:** AMENDMENT. Leave to amend a pleading may be properly refused where the motion does not disclose the nature of the proposed amendment.

6. **Liquidated Damages:** DIRECTING VERDICT. Where damages are liquidated and there is no conflict of evidence as to their amount, the court may direct the jury as to the precise amount, and not leave it to the assessment of the jury.

ERROR from the district court of Cedar county. Tried below before NORRIS, J.

The facts are stated in the opinion.

*Wilbur F. Bryant* and *J. C. Robinson,* for plaintiff in error :

The title to mortgaged chattels is vested in the mortgagee. He is therefore entitled to recover as a general owner. The petition states a cause of action. (*Adams v. Nebraska City Nat. Bank,* 4 Neb., 370; *Marseilles Mfg. Co. v. Morgan,* 12 Neb., 69; *Alexander v. Graves,* 25 Neb., 453; *Robinson v. Fitch,* 26 O. St., 659 ; Jones, Chattel Mortgages, secs. 426, 699; 1 Cobbey, Chattel Mortgages, secs. 448, 499; *Fletcher v. Neudeck,* 30 Minn., 125; *Robinson v. Fitch,* 26 O. St., 663; *Lindemann v. Ingham,* 36 O. St., 1; *Stevenson v. Lord,* 15 Col., 131; *Person v. Wright,* 35 Ark., 169.)

*Mell C. Jay* and *Barnes & Tyler, contra.*

IRVINE, C.

This was an action in replevin for certain live stock, the plaintiff claiming under two chattel mortgages, and the de-

fendant, a judgment creditor of the mortgagor, who was substituted for the sheriff, the original defendant, claiming under a levy of execution upon his judgment. At the close of the evidence the court directed a verdict for the defendant. Judgment was entered on this verdict, and the plaintiff seeks a reversal.

The assignments of error chiefly argued relate to the action of the court in excluding from evidence one of the mortgages under which plaintiff claims. Many objections were urged to the mortgage, among them being that the petition stated no cause of action. The court seems to have based its ruling on other grounds, but if the objection were well taken on this ground, a consideration thereof practically disposes of the case. The petition alleged that the plaintiff "has a special ownership and property in, and is now, and was at the commencement of this suit, entitled to immediate possession of the following goods and chattels, to-wit." Then, after describing the property, the petition proceeds: "The special ownership and property of plaintiff in said property consists in, and arises by virtue of, two certain chattel mortgages thereon, as follows: One executed and delivered by one A. Burrall to plaintiff on or about April 24, 1888, covering the four bulls above described with other property; and one executed and delivered by the said A. Burrall and one R. E. Burrall to the plaintiff on or about October 15, 1889, covering all the property above described except the four bulls, both of which said mortgages are still in full force and unsatisfied, and of the existence of said mortgages and plaintiff's lien and rights thereunder the said defendant had both actual and constructive notice prior to the issuance and levy of his execution on said property." The remaining allegations are not material to the question presented. It is claimed that this petition is defective, in that it avers no facts entitling the plaintiff to the possession of the property. It will be observed that it nowhere appears in the

petition that the debt to secure which the mortgages were given was due, or that by breach of condition or stipulation in the mortgage the plaintiff had a right to possession. In many states it is the law that a mortgage on chattels passes title to the mortgagee. Where this is so a general allegation of ownership is sustained by proof of a mortgage, and proof of title raises a presumption of the right of possession. In a few early cases in this court there were *dicta* to the effect that the foregoing was the law of this state; but in several recent cases the point was distinctly presented, the *dicta* referred to disapproved, and the law declared to be that the legal title remains in the mortgagor, and until foreclosure the mortgagee has merely a lien on the property. (*Musser v. King,* 40 Neb., 892; *Randall v. Persons,* 42 Neb., 607; *Sharp v. Johnson,* 44 Neb., 165.) It follows that a general allegation of ownership will not be supported by proof of a chattel mortgage, but that the special claim must, in such case, be pleaded. Indeed, this was the precise point presented in the cases cited.

The plaintiff in this case did plead specially his mortgages, but he has not pleaded sufficient to establish his right of possession, unless either the general allegation that he is entitled to the immediate possession is sufficient for that purpose, or unless a right to possession is implied in the mortgagee as against third persons, although the mortgage confers merely a lien and does not pass title. Section 182 of the Code of Civil Procedure requires the affidavit in replevin to aver " that the plaintiff is the owner of the property, or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the same." It is possible that if the facts in relation to the plaintiff's special ownership or interest be sufficiently stated, the general averment as to the right of possession would under this statute be sufficient in the affidavit. This, however, is a question not here presented or decided. We are here dealing with

the petition, and not with the affidavit. In *Curtis v. Cutler*, 7 Neb., 315, a somewhat similar case, it was said : "The general averments in the amended petition of the defendant in error, that 'he has a special property in the goods and chattels (describing them), and that he is entitled to the immediate possession thereof, and that they are wrongfully and unjustly detained from him,' are mere propositions of law," and the petition containing such averments was held insufficient. We hold, therefore, that where the plaintiff in replevin relies upon a special ownership, he must specially plead not only the facts in regard to such ownership, but also facts entitling him to possession. If, however, the mortgagee of chattels, before condition broken and in the absence of stipulation, has a right to possession as against third persons, then the pleading of the mortgage would be sufficient, as it would imply the right of possession. An examination of the authorities convinces us, however, that the law is not so. On the contrary, the authorities are to the effect that where, by the terms of a mortgage, the mortgagor is entitled to possession, the mortgagee cannot maintain a possessory action against an officer who has levied upon the goods as the property of the mortgagor. (*Shinners v. Brill*, 38 Wis., 648; *Hamilton v. Mitchell*, 6 Blackf. [Ind.], 131. See, also, *Fenn v. Bittleston*, 7 Exch. [Eng.], 153; *Fairbanks v. Bloomfield*, 5 Duer [N. Y.], 434.) Opposed to some of these cases, in one feature, are *Levi v. Legg*, 23 S. Car., 282, and *McLeod v. Bernhold*, 32 Ark., 671. The two cases last cited hold that where a mortgage contains a stipulation that the mortgagor shall retain possession until condition broken, the mortgagor may, notwithstanding, maintain replevin against a third person who has taken the goods from the mortgagor; but both these cases are based upon the ground that title passed to the mortgagee, and that the stipulation for possession was personal to the mortgagor, and did not operate in favor of a stranger to the mortgage. In this state, as we have seen,

the legal title does not pass. The right of possession, before condition broken at least, is presumably in the mortgagor, and it follows that under such circumstances the mortgagee cannot maintain an action even against a stranger. The petition was, therefore, defective in not averring a state of facts entitling the plaintiff to possession and the judgment for the defendant was right.

During the trial, and immediately before resting his case, a request was made as follows: "The plaintiff asks leave to amend his petition herein generally, subject to any penalty of costs or otherwise that may be imposed by the court." This request was refused. The court did not err in this ruling, for the reason that the request did not disclose the nature of the amendment which was desired.

It is contended that the court erred in directing the amount of the verdict, and that the amount should have been left for the jury to assess. The plaintiff sought to show a partial payment by the mortgagor of the judgment on which the execution was issued. The mortgagor testified that he had delivered certain grain to the defendant, amounting in value to about $200. He testified, however, that there was no agreement or understanding that this was to be applied on the judgment, but that he understood that the judgment was rendered for rent of a farm for a certain period, and that he delivered the grain in payment of rent for a portion of that period. The transcript of the judgment in evidence shows that it was based on a certain contract, and on a promissory note, and this evidence from the record was not impeachable. There was, therefore, no sufficient evidence to go to the jury to prove a part payment. The evidence as to the measure of damages was in other respects uncontradicted, and the instruction and verdict conformed thereto. The court properly directed a verdict for the amount proved.

JUDGMENT AFFIRMED.