A. H. GOULD v. D. B. ARMAGOST ET AL.

| 46 | 897 |
| 54 | 425 |
| 54 | 513 |

FILED JANUARY 22, 1896.   No. 5916.

1. **Chattel Mortgages**: TITLE TO CHATTELS.   The legal title to property pledged by a chattel mortgage remains in the mortgagor and creates merely a lien.   *Musser v. King*, 40 Neb., 892, and *Camp v. Pollock*, 45 Neb., 771, followed.

2. **Execution**: SALE OF MORTGAGED CHATTELS.   The title and interest of a mortgagor of chattels therein may be levied upon and sold under execution against him, the mortgagor being in possession.

3. ———: ———: TITLE OF PURCHASER.   A purchaser at such sale is thereby subrogated to all the rights, but only the rights, such mortgagor had to such property at the time of the levy of the execution thereon.

4. ———: ———: ———.   A purchaser at such sale takes the property subject to all valid liens and the rights of the holders thereof existing thereon at the time of the levy of the execution under which the sale was made.

5. **Chattel Mortgages**: EXECUTION SALES: TENDER OF PAYMENT OF DEBT BY PURCHASER.   An unconditional tender by such a purchaser of the entire debt secured by a chattel mortgage existing against said property, the debt being at the time of the tender due and the tender being kept good, divests the lien of the mortgage and entitles the purchaser to the possession of the property.   *Tompkins v. Batie*, 11 Neb., 147, and *Knox v. Williams*, 24 Neb., 630, followed.

6. ———: ———: ———: COSTS.   Such a tender, to be good and divest the lien of the mortgage, in addition to the amount of the mortgage debt, must include all reasonable and necessary expenses which have been incurred by the holder of the mortgage in taking possession of the mortgaged property and in enforcing his lien thereon.

ERROR from the district court of Butler county.   Tried below before WHEELER, J.

*A. J. Evans* and *S. H. Steele*, for plaintiff in error.

*Matt Miller, contra.*

61

RAGAN, C.

One Zwicker owned a kiln of brick which he pledged by a chattel mortgage to one Zellar to secure a debt of $100 and interest. After the note evidencing the mortgage had matured, Zellar sold and indorsed it to one Carpenter. On the 14th of December, 1889, in a justice court of Butler county, one Scott recovered a judgment against said Zwicker. May 3, 1890, an execution was issued on this judgment and delivered to a constable for execution, who levied the same on the kiln of brick belonging to Zwicker; and on the 17th of May, 1890, the constable sold the kiln of brick to one Gould. The levy and sale were made subject to the lien of the Zellar mortgage. Carpenter, on the day of or the day before the execution sale, took possession of the kiln of brick, was present at the sale, and objected thereto, advising the constable that he, Carpenter, owned the Zellar mortgage. After Gould had purchased the kiln of brick at the constable's sale, he tendered to Carpenter, the owner and holder of the Zellar mortgage and the debt which it secured, the full amount of said debt, principal and interest, and demanded possession of the kiln of brick, and kept this tender good by depositing the amount thereof with the clerk of the district court, which being refused, he brought this suit in replevin in the district court of Butler county. The jury returned a verdict in favor of Carpenter, upon which judgment was rendered, and Gould prosecutes to this court a petition in error.

The judgment is contrary to law, the instructions of the district court, and wholly unsupported by the evidence. The fact that Zwicker had mortgaged the brick to Zellar did not invest the latter with the legal title to the brick, and of course Zellar's assignee, Carpenter, did not become possessed of the legal title by taking an assignment of the mortgage debt. Notwithstanding this mortgage the legal title to the brick remained in Zwicker until divested by

foreclosure, either in a proceeding in equity or a proceeding under the statute, and the mortgagee acquired by the mortgage only a lien upon the mortgaged property. (*Musser v. King*, 40 Neb., 892; *Randall v. Persons*, 42 Neb., 607; *Camp v. Pollock*, 45 Neb., 771; *Sharp v. Johnson*, 44 Neb., 165.) The constable in levying upon these brick levied only upon the interest of Zwicker, the execution debtor therein. In this case he did not attempt to levy upon anything else than Zwicker's interest, and it would have made no difference if he had. The constable, in selling these brick under the execution, sold only the interest therein of Zwicker. In this case the constable did not pretend or attempt to do more, and the attempt would have been unavailing if he had. Gould, by purchasing these brick at the constable's sale, purchased only the interest which Zwicker, the execution debtor, had in them, and took the brick subject to the liens existing against them at the time of the levy. In other words, the effect of the levy and sale was to transfer to Gould, the purchaser, the same title to the property sold that the execution debtor had when the levy was made, but when Gould purchased these brick Carpenter was entitled to possession and in possession of the brick by virtue of his chattel mortgage, and at that time Gould was not entitled to possession of the brick as against Carpenter. Though Carpenter's mortgage was a lien upon this property, the debt which it secured was past due, and Gould tendered him the full amount of money due on the mortgage debt and demanded possession of the mortgaged property. Gould having unconditionally tendered the full amount of the debt secured by the mortgage, the latter ceased from that moment to be a lien upon the property, and Gould, as owner of the legal title, became then entitled to the possession of the property (*Tompkins v. Batie*, 11 Neb., 147; *Knox v. Williams*, 24 Neb., 630); and having kept said tender good by depositing it in court when he instituted this action, he was entitled at that time also to the possession of the property.

On the trial to the jury Carpenter sought to parry the force and effect of the tender of the mortgage debt made to him by Gould by claiming that Gould in this tender did not include the expense which he, Carpenter, incurred in taking possession of the mortgaged property. There are two answers to this contention : First, at the time the tender was made by Gould, Carpenter did not set up or claim or pretend that he had incurred any expense in and about taking possession of the mortgaged property nor refuse the tender on that ground; second, the evidence, without conflict, shows that Carpenter's claim that he had incurred any expense in the taking possession of this property has no foundation in fact.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

POST, C. J., not sitting.