## THOMAS MURRAY V. ANTON LOUSHMAN.

FILED MARCH 3, 1896.  No. 6150.

1. **Pleading**: AMENDMENTS. Notwithstanding the liberal provision for amendment of pleadings, the subject is one resting largely in the discretion of the trial court, and its rulings in that regard are not, in the absence of an abuse of discretion, the subject of review by this court.

2. **Chattel Mortgages**: TITLE TO CHATTELS. The title of property pledged by chattel mortgage remains in the mortgagor until divested by means of foreclosure proceedings. (*Musser v. King*, 40 Neb., 892.)

3. ———: FORECLOSURE: DELAY. One who takes possession of mortgaged chattels in order to satisfy his lien thereon by means of notice and sale in the manner prescribed by law, does so with the implied obligation to proceed without unreasonable delay and with due regard for the rights of the mortgagor.

4. ———: USE OF CHATTELS: DAMAGES. The mortgagee's right to the use of chattels mortgaged is, in the absence of a special agreement, merely such as is incident to the foreclosure proceeding, and the breach of his obligation in that regard is an actionable wrong.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*Slabaugh & Rush*, for plaintiff in error.

*G. A. Rutherford, contra.*

POST, C. J.

This was an action by the defendant in error, plaintiff below, who sued to recover for the use of a span of mules for the period of seven months. The answer admits the allegations of the petition, except as to the value of the use of the mules de-

Murray v. Loushman.

scribed, and charges in justification thereof the following facts: (1) A chattel mortgage on the mules in controversy for $180, long past due; (2) that the defendant took possession of said mules for the purpose of foreclosing his mortgage September 12, 1889, and kept them at his own expense with the plaintiff's consent until May 16, 1890, when they were sold at public auction for the sum of $101. Accompanying the answer is an allegation of indebtedness by the plaintiff for rent due the defendant in the sum of $11.32, and for which judgment is asked by the latter. The reply is a general denial. A trial was had in the district court, resulting in a verdict for the plaintiff therein in the sum of $126.43. Subsequently, having remitted $95 of the amount so found, in accordance with the order of the court, judgment was entered in his favor in the sum of $30.93, and which has been removed into this court by the petition in error of the defendant below.

The first assignment of error relates to the ruling of the district court during the trial in denying the defendant's request for leave to so amend his answer as to set off against the plaintiff's cause of action the balance secured by the mortgage mentioned. The proposed amendment was not to conform the pleadings to the facts proved, but for the purpose of inserting a new and distinct cause of action in favor of the defendant. Although liberal provision is made for the amendment of pleadings (Civil Code, sec. 144), the subject is one resting largely in the discretion of the trial court, and its rulings in that regard are not, in the absence of an abuse of discretion, the subject of review by this court. (*Mills v. Miller*, 3 Neb., 87; *Hedges v. Roach*, 16 Neb., 673; *Johnson v. Swayze*,

35 Neb., 117; *Commercial Nat. Bank of Omaha v. Gibson*, 37 Neb., 750.) We are unable to say that the ruling complained of involves any abuse of discretion. The defendant was fully advised of his rights at the commencement of the action more than a year and a half previous, and had ample opportunity to interpose whatever claims. were available in his favor against the plaintiff; and having failed to assert the mortgage debt until the plaintiff had rested his case, he will not now be heard to complain of the action of the court in denying his request to amend.

It is argued that the plaintiff had no right to the use of the mortgaged property after condition broken, his remedy being by an action for redemption or to recover the surplus, if any, remaining after the satisfaction of the defendant's mortgage. That argument is based upon the proposition, once recognized as the law of this state, that the effect of a chattel mortgage is to transfer to the mortgagee the legal title of the property conveyed, subject to be defeated only by performance of the stipulated conditions. But in *Musser v. King*, 40 Neb., 892, it was held, overruling *Adams v. Nebraska City Nat. Bank*, 4 Neb., 370, that the mortgagee has a lien only upon property pledged by chattel mortgage, and that the title thereto remains in the mortgagor until divested by means of foreclosure proceedings. (See, also, *Bedford v. Van Coit*, 42 Neb., 229.) The right of the mortgagee under a chattel mortgage to possession of the property conveyed pending foreclosure proceedings will not be controverted; but when he takes possession of property in order to satisfy his lien thereon by means of notice and sale in the manner prescribed by law, he does so with the implied

Murray v. Loushman.

obligation to proceed without unreasonable delay and with due regard for the rights of the mortgagor. The mortgagee's right to the use of chattels conveyed is, in the absence of a special agreement, such only as is incident to the foreclosure of the mortgage, and a breach of his obligation in that regard is an actionable wrong.

The judgment in this case is vigorously assailed on the ground that it is clearly unsupported by the evidence. We shall not, however, attempt a synopsis of the testimony. It is conceded that, so far as the number of witnesses is concerned, the advantage is decidedly in favor of the defendant; but, as has been repeatedly held, the credibility of the witnesses is a question for the jury, and a verdict based upon conflicting evidence will not be set aside on account of any mere difference of opinion between this court and the trial judge or jury. The evidence introduced by the plaintiff below tended to prove that the mules in question were used by the defendant without the consent of the former, from the time they were taken under the mortgage in September, 1889, until the date of their sale in May, 1890, and which was worth from 75 cents to $1 per day. Assuming the defendant's claim for rent to have been established to the satisfaction of the jury, the amount of the recovery allowed on the plaintiff's cause of action, $102.25, is certainly not so unreasonable as to call for interference by this court.

Exception was also taken to the refusal of the following instruction: "You are instructed that the defendant, under the testimony, has a just and valid claim against the plaintiff for the amount due on the two notes set out in the answer, together with interest thereon." The in-

struction was rightly refused. Although the notes therein mentioned represent the debt secured by the mortgage, they are not alleged as a cause of action against the defendant. Had the action been for the wrongful conversion of the mules, it is possible that the amount due on the mortgage would, even under a general denial, have been a proper subject of inquiry, as bearing directly upon the question of the plaintiff's interest in the property converted; but that rule can have no application to the case made by the pleadings, in which the only ground of recovery is the implied obligation of the defendant below to reasonably compensate the plaintiff for the use of his mules.

There is no error in the record; and the judgment is

AFFIRMED.