CARL STRAHLE v. FIRST NATIONAL BANK OF STANTON.

FILED MARCH 3, 1896.    No. 6048.

1. **Replevin: PLEADING: EVIDENCE: CHATTEL MORTGAGES.** An allegation of general ownership, in a petition and affidavit in replevin, is not supported by the introduction of the chattel mortgage under which the plaintiff claims the right of possession of the property replevied. (*Musser v. King,* 40 Neb., 892; *Randall v. Persons,* 42 Neb., 607; *Sharp v. Johnson,* 44 Neb., 165; *Camp v. Pollock,* 45 Neb., 771.)

2. **Replevin by Mortgagee: VERDICT FOR PLAINTIFF.** *Held,* That the evidence fails to sustain the verdict.

ERROR from the district court of Stanton county.    Tried below before NORRIS, J.

*Mapes & Licey,* for plaintiff in error.

*John A. Ehrhardt, W. W. Young,* and *A. A. Kearney, contra.*

NORVAL, J.

This was an action in replevin for a stock of merchandise brought by the First National Bank of Stanton against Carl Strahle. The plaintiff claimed the property under two chattel mortgages executed to the bank by one Theodore G. Asch, and the defendant claimed under the levy of an execution, placed in his hands as constable, issued upon a judgment recovered against the mortgagor. Upon the trial the jury, by direction of the court, returned a verdict for the plaintiff, and judgment was entered thereon. The chattel mortgages under which the bank claims and the notes which they were given to secure, were introduced in evidence by the plaintiff over the objections of the defendant, which rulings are assigned for error.

The petition and affidavit in replevin do not set up a special ownership in the goods and chattels in the plaintiff by reason of the giving of the chattel mortgages, but plead that plaintiff is the general owner of the property replevied. The record discloses that when the mortgages were tendered in evidence the defendant objected to their admission, "for the reason that the plaintiff has not pleaded any special ownership in the property in controversy in this action, and for the further reason that it is irrelevant, immaterial, and incompetent, and that no proper foundation has been laid for the introduction of the chattel mortgages, * * * and the affidavit upon which the action is founded makes no plea of special ownership and does not allege that any of the conditions of the chattel mortgages are broken." *Adams v. Nebraska City Nat. Bank,* 4 Neb., 370, to

the effect that a chattel mortgage transfers the legal title to the mortgaged chattels to the mortgagee, is cited to sustain the rulings of the trial court.   Since the case at bar was decided by the district court, this court has overruled the decision mentioned above. (*Musser v. King,* 40 Neb., 892.) In this last case it was decided that the legal title to mortgaged chattels remains in the mortgagor until divested by foreclosure proceedings, and until then the mortgagee has merely a lien on the property; that in an action of replevin to recover the possession of mortgaged chattels by the holder of the mortgage the facts constituting his special ownership or lien must be pleaded, and that under allegations of ownership and right of possession the note and chattel mortgage under which plaintiff bases his right of possession are inadmissible in evidence.   The same doctrine was held and applied in *Randall v. Persons,* 42 Neb., 607; *Sharp v. Johnson,* 44 Neb., 165; *Camp v. Pollock,* 45 Neb., 771; *Murray v. Loushman,* 47 Neb., 256.   Inasmuch as no claim of special ownership was made in the pleadings in the case before us, it was error to admit the mortgages and notes in evidence.   There was likewise error in the ruling of the court in directing a verdict for the bank, for the obvious reason there was no evidence to show that the plaintiff was the owner of the property.   At most it had but a special interest therein by virtue of the mortgages.   The *allegata et probata* did not agree; hence the plaintiff failed to make out its cause of action.   It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.