FRANK B. GRIFFING V. SAMUEL S. CURTIS ET AL.

FILED JANUARY 19, 1897. No. 6960.

Replevin: PLEADING: SPECIAL OWNERSHIP. In replevin, where plaintiff bases his right to the possession of the property upon a special ownership therein, he must in his petition plead the facts which create such special ownership, else the pleading will be fatally defective.

ERROR from the district court of Douglas county. Tried below before DAVIS, J. *Reversed.*

*Smith & Sheean,* for plaintiff in error.

*Saunders & Macfarland, contra.*

POST, C. J.

Samuel S. Curtis and Fred Sackett brought replevin in the court below against Frank B. Griffing, to recover possession of a horse, carriage, buggy, and set of harness. The trial resulted in a verdict and judgment for the plaintiffs below for the horse, and the remainder of the property was awarded the defendant, who prosecutes error to this court.

The petition in error contains seven assignments, the first of which is that the petition does not state sufficient facts to constitute a cause of action. The petition, omitting the caption, prayer, and verification, is in the following language:

"1. The plaintiffs complain of the defendant for that, the plaintiffs have a special ownership in and are entitled to the immediate possession of the following described goods and chattels, viz: One bay horse, eight years old, weighing 1,000 pounds; a certain end-spring, canopy-top, two-seated carriage; a certain end-spring open buggy, painted red, and one set of single harness, and the value of said ownership is $106.90.

"2. The defendant wrongfully detains said goods from the possession of the plaintiffs, and has wrongfully detained the same for one day, to plaintiffs' damage in the sum of $5."

The plaintiffs base their right to possession alone upon a special ownership in the property, and the facts in relation thereto are not set out in the petition. The averment in the pleading of special ownership is a mere conclusion of law from particular facts which are not alleged. To constitute a good petition it should have set out the facts constituting plaintiffs' special ownership or interest in the property replevied. (*Curtis v. Cutler*, 7 Neb., 315; *Musser v. King*, 40 Neb., 892; *Randall v. Persons*, 42 Neb., 607; *Sharp v. Johnson*, 44 Neb., 165; *Camp v. Pollock*, 45 Neb., 771; *Strahle v. First Nat. Bank of Stanton*, 47 Neb., 319; *Garber v. Palmer*, 47 Neb., 704.)

Having reached the conclusion that the petition does not state a cause of action, it is not necessary to notice the other assignments of error.

REVERSED AND REMANDED.