RAYMOND BROTHERS & COMPANY v. THEODORE H. MILLER ET AL.

FILED FEBRUARY 3, 1897.   No. 7004.

Trover and Conversion: MORTGAGED CHATTELS: PLEADING. In an action by a mortgagee of chattels against a stranger for the conversion of the mortgaged property, the petition must set out the facts constituting plaintiff's special ownership. A mere allegation that he has a special ownership, right, title, and lien upon and to the property, by virtue of a chattel mortgage given to him thereon by a designated person, is not alone sufficient.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. Reversed.

G. M. Lambertson and F. M. Hall, for plaintiffs in error.

F. I. Foss, Hastings & McGintie, and W. R. Matson, contra.

NORVAL, J.

This is an action of conversion. There was a judgment for plaintiffs below, and defendants prosecute error.

Of the numerous errors assigned and argued by counsel, we do not deem it necessary to discuss more than one,

namely, that the petition fails to state sufficient facts to constitute a cause of action, which was duly raised at the outset of the trial in the court below by objections to the admission of testimony on that ground, and again after verdict by the motion for a new trial, as well as by proper assignment in the petition in error filed herein. The allegations of the petition, so far as they are necessary to a determination of the question to be decided, are: "That on the 25th day of July, 1888, the plaintiffs were entitled to the immediate possession of the following described goods and chattels, and had a special interest and ownership in the said goods and chattels to the amount of $2,009.43, with interest at the rate of ten per cent from July 25, 1888, to-wit, the entire stock of groceries, dry goods, clothing, queensware, wooden and willow ware, boots and shoes, hats, caps, and notions, glassware, tobacco, cigars, furniture, fixtures, scales, tanks, etc., including all of the stock of furniture and chattels, of every name and nature whatever, which are contained in a certain brick building and cellar used by Pronger & Clarey in their mercantile business in Crete, Saline county, Nebraska, of the value of $6,500." It is alleged that they have special ownership, right, title, and lien upon and to the above described goods by virtue of a chattel mortgage given to them upon the same by the said Pronger & Clarey, dated July 25, 1888, and duly recorded in the clerk's office of Saline county, Nebraska, a copy of which mortgage is attached, marked "Exhibit A." It is also alleged, in substance, that defendants took possession of the property under and by virtue of a chattel mortgage against Pronger & Clarey, and converted the same to defendants' own use. It will be observed that there is no averment in the petition to the effect that plaintiffs are the general owners of the chattels in controversy, but that they predicate their right to recover damages for the alleged conversion merely upon a claim of special interest or ownership in the property arising by virtue of a chattel mortgage. The terms and condi-

tion of the mortgage are not pleaded, nor any facts averred which disclose that any of the stipulations therein contained have been broken, or that anything is due plaintiffs upon the mortgage. It is true the petition states that a copy of the mortgage is hereto attached as an exhibit, but an examination of such exhibit reveals that it is a copy of a mortgage given by Pronger & Clarey to the defendants, Raymond Bros. & Co., and it is not averred that it has been assigned to the plaintiffs below, or that they are the owners thereof or of the debt secured thereby; hence, instead of its showing a lien or interest in the property in them, it clearly negatives any such idea. Plaintiffs, in order to set forth a cause of action, were required to plead in their petition the facts constituting their special interest in the property, as well as the facts relied upon to entitle them to maintain an action for conversion against the defendants. This they have not done. It has been repeatedly asserted by this court that a petition in replevin, by a mortgagee of chattels against the mortgagor or a stranger, must set out the facts creating his lien or special ownership and the facts entitling him to the possession, and if the pleading fails to do so it is fatally defective. (*Musser v. King,* 40 Neb., 892; *Randall v. Persons,* 42 Neb., 607; *Sharp v. Johnson,* 44 Neb., 165; *Camp v. Pollock,* 45 Neb., 771; *Strahle v. First Nat. Bank of Stanton,* 47 Neb., 319; *Garber v. Palmer,* 47 Neb., 704.) The same rule of pleading applies to actions for conversion by mortgagee. The conclusion is irresistible that the petition, for the reason stated, fails to state a cause of action. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.