THOMAS ROBINSON ET AL. V. KILPATRICK-KOCH DRY GOODS COMPANY.

FILED MARCH 3, 1897.  No. 7182.

1. Chattel Mortgages: TITLE. A chattel mortgage creates a lien on the property described therein but does not pass the legal title thereto.

2. Petition in Error: AMENDMENT. A party will be allowed to amend his petition in error to cover a point which, so far as the record discloses, was presented in the trial court.

**3. Replevin:** PLEADING: CHATTEL MORTGAGES: EVIDENCE. The introduction in evidence of a chattel mortgage, in which is described property the subject of an allegation of general ownership and right of possession in the plaintiff in an affidavit and petition in a replevin action, is not proof of such allegation.

ERROR from the district court of Buffalo county. Tried below before BATES, J. *Reversed.*

*Greene & Hostetler, Dryden & Main,* and *George E. Evans,* for plaintiffs in error.

*Calkins & Pratt, contra.*

HARRISON, J.

It appears herein that some time prior to and during the year 1890 W. L. Randall was engaged in mercantile business in the village of Gibbon, Buffalo county, this state. In the course of such business he became indebted to a number of wholesale dealers for goods and merchandise, including the Kilpatrick-Koch Dry Goods Company, defendant in error in this cause. November 20, 1890, the defendant in error obtained from Randall a chattel mortgage on his stock of merchandise to secure the payment of his indebtedness to the company, and on the same date other chattel mortgages, in favor of other parties and firms, were executed by Randall, a number of which were subsequently, together with the accounts or notes the payment of which they were given to secure, assigned to defendant in error. The company took possession of the stock of goods under its mortgage, and other parties instituted actions and attachment proceedings. In some of the actions judgments were obtained and executions issued. After service of the writs of execution and attachment on the stock of merchandise by the plaintiffs in error, one of them the sheriff of Buffalo county and the other a constable, the defendants in error commenced this, an action of replevin, against the officers to recover the possession of the merchandise. A trial of

the issues in the case resulted in a verdict and judgment favorable to the company. The unsuccessful parties have prosecuted error proceedings to this court.

The counsel for plaintiffs in error made application, by motion, for leave to amend the petition in error to include an assignment that the evidence was insufficient to support the verdict, which has been granted. It is disclosed by the record presented here that one of the grounds of the motion for new trial in the district court was the insufficiency of the evidence to sustain the verdict rendered. From this it must be concluded that the question was raised in the trial court, hence the amendment was proper and allowable. The averments in regard to the defendant in error's ownership of the merchandise in controversy were identical in the petition and the replevin affidavit, being in each an allegation of general ownership and in the following terms: "That the plaintiff is the owner and entitled to the immediate possession of the following described goods and chattels, to-wit:" The verdict was: "That the plaintiff, at the commencement of the action, was the owner and entitled to the possession of the goods described in plaintiff's petition." The evidence introduced to show ownership in the defendant in error was the chattel mortgage executed and delivered to the company by Randall, and the other chattel mortgages on the stock of goods of which it had received assignments. These did not prove the defendant in error to be the owner of the title to the goods; did not prove him to be the "owner" as alleged in the petition and as determined in the verdict. The title to mortgaged chattels remains in the mortgagor until divested by foreclosure of the mortgage. The mortgagee of chattels acquires by the execution and delivery of the mortgage a lien on the property described therein, but does not take the legal title. (*Musser v. King*, 40 Neb., 892; *Randall v. Persons*, 42 Neb., 607; *Sharp v. Johnson*, 44 Neb., 165; *Camp v. Pollock*, 45 Neb., 771; *Murray v. Loushman*, 47 Neb., 256; *Garber v. Palmer*, 47 Neb., 704;

*Griffing v. Curtis*, 50 Neb., 334; *Strahle v. First Nat. Bank of Stanton*, 47 Neb., 321.)   In the decision in the last mentioned case it was said in the syllabus: "An allegation of general ownership in a petition and affidavit in replevin is not supported by the introduction of the chattel mortgage under which the plaintiff claims the right of possession of the property replevied."   And further on the same point, in the body of the opinion: "There was likewise error in the ruling of the court in directing a verdict for the bank, for the obvious reason there was no evidence to show that the plaintiff was the owner of the property.   At most, it had but a special interest therein by virtue of the mortgages.   The *allegata et probata* did not agree; hence the plaintiff failed to make out its cause of action."   It follows that the evidence in the case at bar was insufficient to warrant or sustain the verdict.   A discussion of the other assignments of error is not deemed necessary.   The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.