REVERSED AND REMANDED.

T. R. NORCROSS v. G. P. BALDWIN.

FILED MARCH 17, 1897. No. 7177.

Replevin: LIEN: PLEADING. A plaintiff in replevin who claims a special ownership by virtue of a chattel mortgage must, in his petition, allege facts showing his interest in the property in controversy, and also facts which entitle him to the immediate possession thereof.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Affirmed.*

*E. O. Kretsinger,* for plaintiff in error.

*A. D. McCandless* and *S. J. Tuttle, contra.*

POST, C. J.

This was an action of replevin by the plaintiff in error against the defendant in error in the district court for

Gage county.  There was a verdict below finding that the right of property and right of possession of the property in controversy was in the defendant, and assessing damage against the plaintiff for the wrongful detention thereof, upon which judgment was entered, and from which the latter prosecutes error.

It is in the petition below alleged that the plaintiff therein is entitled to the immediate possession of the property described, by reason of a special ownership or interest therein through a chattel mortgage executed by one Baldwin, but without the statement of any facts entitling him to such possession.  It was held in *Camp v. Pollock*, 45 Neb., 771, as the natural and necessary result of the decision in *Musser v. King*, 40 Neb., 892, overruling *Adams v. Nebraska City Nat. Bank*, 4 Neb., 370, that a plaintiff in replevin who relies upon a special ownership by means of a chattel mortgage must allege not only the facts with respect to such ownership, but also facts which entitle him to the possession of the mortgaged property. The authorities cited by IRVINE, C., in *Camp v. Pollock*, *supra*, without doubt support the proposition that where, by the terms of a mortgage, the mortgagor is entitled to possession of the property conveyed, the mortgagee cannot maintain a possessory action therefor against an officer who has levied upon the same as the property of the former.  The reasoning there employed is quite as applicable to the case at bar.  It follows that the petition fails to state a cause of action, and that the judgment must be

AFFIRMED.