Hayes v. Slobodny.

---

### J. C. HAYES v. JOSEPH SLOBODNY.

FILED APRIL 8, 1898. No. 7938.

54 | 511
54 | 759

Replevin: AFFIDAVIT: VERDICT: VARIANCE. Where, by his affidavit in an action of replevin, plaintiff claimed merely the right of present possession of a chattel as the holder of a mortgage thereon, and by the verdict upon which judgment was rendered it was found that, at the commencement of the action, the right of property and right of possession were in plaintiff, *held*, that there exists such a material variance between plaintiff's claimed rights and those found in his favor by the jury that a judgment rendered on such finding cannot be sustained.

ERROR from the district court of Valley county. Tried below before KENDALL, J. Reversed.

*Clements Bros.* and *Herman Westover*, for plaintiff in error.

*A. Norman* and *T. L. Hall*, contra.

RYAN, C.

In the county court of Valley county plaintiff filed his replevin affidavit alleging that he had a special property in a dark bay mare; that said special ownership and property were by virtue of a chattel mortgage which had been executed September 7, 1892, by Alexander Osantowsky; that said property was wrongfully detained by the defendant Hayes, and that it had not been taken in execution or on any order or judgment against plaintiff, or for the payment of any tax, fine, or amercement assessed against plaintiff or by virtue of any order of delivery issued under chapter 11, of title 30 of the Revised Statutes of Nebraska, or on any mesne or final process issued against said plaintiff. After issues had been duly joined there was a trial, resulting in a verdict in the following form: "We, the jury, duly sworn and impaneled in the above entitled cause, do find that the right of property and right of possession of said property when this action was commenced was in the plaintiff and assess his damages in the premises at the sum of one cent." Following this there was a simple judgment in favor of plaintiff for the sum of one cent and costs. Error proceeding, for the reversal of this judgment, was prosecuted to the district court of said county, wherein the judgment of the county court was affirmed. By a petition in error in this court there is sought a reversal of the judgment of the district court. In his affidavit plaintiff in the county court asserted that he had merely a special interest in the subject-matter of the action and that this

special interest existed by virtue of a chattel mortgage. At the time of the trial the replevied property was in his possession, and with reference to that property there was no finding as to the value of his possession as in such cases required by the provisions of section 191a, Code of Civil Procedure, but the finding in his favor was of general ownership and an unlimited right of possession. In *Musser v. King*, 40 Neb. 892, it was held where one, by a replevin action, as the owner of certain property, had obtained possession thereof, that he could not sustain his claim of ownership by proof that he held a mortgage on the property. This doctrine was reaffirmed and enforced in *Randall v. Persons*, 42 Neb. 607, *Sharp v. Johnson*, 44 Neb. 165, *Camp v. Pollock*, 45 Neb. 771, *Strahle v. Bank*, 47 Neb. 319, and in *Garber v. Palmer*, 47 Neb. 704. In *Griffing v. Curtis*, 50 Neb. 334, it was held that in replevin, where plaintiff bases his right of possession of property upon a special ownership therein, he must in his petition plead the facts which create such special ownership, else the pleading will be fatally defective. These cases proceed upon the theory that a mortgagee has but a lien on the mortgaged property and that, by virtue of such lien, he cannot be permitted to assert the unqualified rights of a present owner. The case under consideration is within the reason of this rule. The statute requires the finding of the value of the possession for a substantial reason, and that is, that when the lien of the mortgage has been satisfied such mortgagee shall not be entitled to any further rights of control over the replevied property. The case of *Gould v. Armagost*, 46 Neb. 897, tends to illustrate the distinction between absolute ownership of chattels and the rights of a mortgagee with respect thereto, for in that case it was held that an unconditional tender by a purchaser of the mortgaged property at an execution sale, of the entire amount secured by such mortgage when such tender was duly made after the maturity of the debt secured, operated to divest the lien of the mortgage. In this case the verdict

37

was not responsive to the issues joined and, as we have seen, the variance was in a substantial respect. The judgment of the district court is, therefore,

REVERSED.