AUGUST SUCKSTORF ET AL. V. WILLIAM H. BUTTERFIELD.

FILED APRIL 21, 1898.   No. 8003.

1. **Replevin:** PLEADING AND PROOF. A plaintiff in replevin who pleads only a special ownership must prove such title as he pleads it, and cannot recover on proof of general ownership.

2. ———: ———. Therefore, where plaintiff asserts only such special ownership, the defendant may, to defeat the action, show that plaintiff's title is of a different character.

ERROR from the district court of Pierce county. Tried below before ROBINSON, J. *Reversed.*

*Brome, Burnett & Jones* and *Douglas Cones,* for plaintiffs in error.

*Powers & Hays* and *W. W. Quivy, contra.*

IRVINE, C.

Butterfield, in October, 1891, sold 160 steers to one Perry, who gave his note for the purchase money, securing the same by chattel mortgage on the cattle. The cattle were bought in Knox county and were by Perry taken to Pierce county, where he contracted with one Tatgo to feed them during the winter. In the following spring Tatgo undertook to sell them in satisfaction of his lien as an agister. They were bought at the sale by one Dixon, and were then driven to the town of Pierce and a portion of them were placed in the pasture of

Suckstorf and Cones, in charge of the defendant Reimers. Butterfield had in the meantime appeared on the scene, and was asserting his right under the mortgage. Negotiations then took place which resulted in Butterfield's paying $750, Tatgo making some settlement with the purchaser, and agreeing to surrender the cattle to Butterfield. Accordingly an attempt was made to "cut out" from the herd of defendants the Tatgo cattle, and a number corresponding to the number placed there were delivered to Butterfield. Later Butterfield claimed that nineteen of his cattle remained in the defendant's possession, and brought this action in replevin to recover them. At the close of the evidence the court granted a peremptory instruction to find for the plaintiff. During the trial the defendants offered in evidence an affidavit and notice of sale, for the purpose of proving Tatgo's proceedings in enforcing his agister's lien. There was also offered a bill of sale purporting to convey the cattle from Dixon, the purchaser at the sale under the agister's lien, to Butterfield, together with proof that he had requested it to be executed and that it had been sent to him by mail. All this evidence was excluded. We think it should have been admitted. The petition asserted a special ownership in Butterfield by virtue of his chattel mortgage, and pleaded no other title. The evidence excluded tended to prove a sale under the agister's lien, which would have passed the mortgagor's interest at least, conceding that there was no evidence which tended to show that the interest of the mortgagee was subject to the lien of the agister. The further evidence offered tended to show that the mortgagee had purchased such interest as did pass under the sale, and that the title thus vested in him, he becoming the absolute owner, and ceasing to be merely the holder of a lien, the capacity in which he sought to recover. It has often been held that proof of a special interest under a chattel mortgage will not sustain a petition alleging a general ownership. (*Musser v. King;*

Suckstorf v. Butterfield.

40 Neb. 892; *Randall v. Persons*, 42 Neb. 607; *Strahle v. First Nat. Bank*, 47 Neb. 319; *Robinson v. Kilpatrick-Koch Dry Goods Co.*, 50 Neb. 795.) In *Randall v. Persons, supra*, it was said: "A litigant cannot plead one thing and prove another. He cannot plead that he is the absolute owner of property, and satisfy such plea by proof that he simply has a lien upon it; nor can he plead that he is entitled to the possession of property by virtue of a lien upon it, and satisfy such plea by proving that he is the absolute owner of the property." (See, too, *Hayes v. Slobodny*, 54 Neb. 511.) These cases are, it will be observed, based on the rule that the *allegata et probata* must correspond, and the statute requiring plaintiff to plead whether he is the general or a special owner, and if the latter, then the nature of his ownership, he must prove his case as he pleads it and not otherwise. The evidence offered was material as tending to show that plaintiff's title was not special, under the mortgage, as he had pleaded it, but that it was general, by virtue of a purchase from Dixon, who had acquired the interest of the mortgagor. The plaintiff answers this argument by saying that it would be hard to convince the non-professional mind that it states a correct principle of law. It is not necessary to convince the non-professional mind. The professional mind is driven to that conclusion. The point is somewhat technical, but it is only by adhering to technicalities, in the true sense of the word,—that is, those things peculiar to the science or profession,—that any stable principles of law can be maintained. Usually it will be found that such rules have a sound and just reason for their existence, and that justice and equity are in the end better administered by observing them, than by departing from them to meet the exigencies of the supposed equities of a particular case.

REVERSED AND REMANDED.