PAXTON & GALLAGHER V. WILLIAM R. LEARN, CON-
STABLE.

FILED JUNE 23, 1898.   No. 8161.

1. **Replevin: PLEADING: CHATTEL MORTGAGES.** In replevin, where
plaintiff bases his right to possession of the property upon a
special ownership by virtue of a chattel mortgage, he must plead
the facts which create such special ownership and right to pos-
session.

2. ————: ————: ————: **EVIDENCE.** An allegation of general own-
ership and right of possession cannot be proved by introducing
in evidence a mortgage on the chattels replevied.

3. ————: **EVIDENCE.** Evidence examined, and *held* not to establish an
absolute ownership of the property in plaintiffs.

ERROR from the district court of Douglas county.
Tried below before BLAIR, J.   *Affirmed.*

*McCabe, Wood, Newman & Elmer*, for plaintiffs in error.

*Bartlett, Baldrige & De Bord, contra.*

NORVAL, J.

David Davidson on June 27, 1893, was engaged in the
grocery business in South Omaha, and being insolvent,
he gave to several of his creditors mortgages covering
his entire stock of merchandise, as follows:   Consoli-
dated Coffee Company, $922.80;   John Bradley, $405.97;
Paxton & Gallagher, $568.98, and others.   The mort-
gages had priority in the order named.   Allen Bros. had
an attachment lien for $138.25, superior to the lien of
Paxton & Gallagher.   Under and in pursuance of an
agreement between mortgagor and the mortgagees
Davidson remained in the possession of the goods, dis-
posed of them in the regular course of trade at retail,
replenished the stock from time to time from the pro-
ceeds of the sale, and paid off prior to the following
October the claims of all the above mentioned creditors,
excepting Paxton & Gallagher.   Davidson remained in

possession of the stock until August, 1894, and made sales therefrom, used the proceeds to purchase new goods and defray the expenses of running the business, but paid no portion of the mortgage debt to Paxton & Gallagher. On June 28, 1893, the American Biscuit & Manufacturing Company obtained a judgment before a justice of the peace of Douglas county against Davidson for the sum of $123.25 debt, and costs. Execution was issued on this judgment on August 20, 1894, and delivered to William R. Learn, constable, who levied the writ on the same day upon certain merchandise in the possession of Davidson, as his property, a portion of the same being covered by the mortgages aforesaid, and the remainder being goods purchased after the mortgages were executed. Paxton & Gallagher thereupon instituted this action of replevin against Learn, before a justice of the peace, to recover the property so seized under the execution, claiming to be the absolute owner of the portion of the goods bought by Davidson subsequent to the giving of the mortgage, and asserting a mortgage lien on the remainder of the stock. Upon giving bond the goods were delivered to Paxton & Gallagher. It appearing from the return of the officer that the value of the property was not within the jurisdiction of the justice, the cause was certified to the district court. A trial was there had, without pleading by either party, upon the affidavit in replevin and the transcript from the justice of the peace, and on motion of the defendant a verdict was returned in his favor, upon which judgment was subsequently entered.

The mortgage to Paxton & Gallagher was given to secure a *bona fide* indebtedness, but it is insisted that the transaction was rendered fraudulent as to the creditors of Davidson, by reason of the subsequent acts and conduct of the parties to the mortgage, and able and exhaustive arguments are presented in the briefs for and against the proposition. In our view it is unnecessary to consider this question, as the decision of the case may

properly be put upon other grounds. As previously stated, Paxton & Gallagher claim to be the absolute owners of a part of the goods, and to have a special interest in the remainder by virtue of the chattel mortgage. There is not a scintilla of evidence to be found in this record tending to prove that the firm of Paxton & Gallagher owned in its own right any portion of the property in controversy. It neither bought it nor paid therefor. On the other hand, it is undisputed that the goods acquired subsequent to the execution of the mortgage were paid for by Davidson from the proceeds derived from the sale of the mortgaged stock, that Paxton & Gallagher merely had a lien thereon for the amount of its debt, and any portion of the property remaining after satisfying the mortgage was to belong to Davidson. It is confidently asserted that there is entire failure of proof to establish an absolute ownership in plaintiffs to any portion of the replevied goods. The replevin affidavit did not state facts sufficient to show that plaintiffs had the right of possession of the property by reason of a special interest therein. The affidavit in replevin avers "that plaintiff is the owner of the following described property, to-wit: * * * That plaintiff's ownership of said property is a qualified ownership purchased upon an unpaid chattel mortgage on a part of said property, and to the balance as the absolute and unqualified owner." There is no other averment relating to plaintiffs' right of possession. No condition or stipulation contained in the chattel mortgage is set forth, nor is it alleged that the condition of the mortgage has been broken by the mortgagor or that any portion of the mortgage indebtedness is due. The facts constituting the special ownership and plaintiffs' right of possession at the time the action was instituted should have been averred. (*Musser v. King*, 40 Neb. 892; *Randall v. Persons*, 42 Neb. 607; *Sharp v. Johnson*, 44 Neb. 165; *Camp v. Pollock*, 45 Neb. 771; *Strahle v. First Nat. Bank of Stanton*, 47 Neb. 319; *Garber v. Palmer*, 47 Neb. 704; *Raymond v. Miller*, 50 Neb. 506; *Griffing v.*

*Curtis*, 50 Neb. 334; *Robinson v. Kilpatrick*, 50 Neb. 795; *Norcross v. Baldwin*, 50 Neb. 885; *Hudelson v. First Nat. Bank*, 51 Neb. 557; *Bolin v. Fines*, 51 Neb. 650; *Thompson & Sons Mfg. Co. v. Nicholls*, 52 Neb. 312.) Plaintiffs having failed to allege the facts creating the special ownership in the property, it is unnecessary to determine whether such special interest was established by the proofs. The averment of general ownership and right of possession cannot be proven by the introduction in evidence of the chattel mortgage. The judgment is

AFFIRMED.