MARSEILLES MANUFACTURING COMPANY, PLAINTIFF IN ERROR, v. J. R. MORGAN, DEFENDANT IN ERROR.

Lien of Livery Stable Keeper. In December, 1878, one M., a livery stable keeper, received a span of horses belonging to C., to feed and care for, C. retaining the possession and using them daily. M. continued to feed the horses until March, 1879. On the first day of January, 1879, C. executed a mortgage on the horses to the M. Manf. Co. *Held,* that M. not having retained possession of the horses the lien of the mortgage was superior to his.

ERROR to the district court for Richardson county.

Tried below, before WEAVER, J.   The facts appear in the opinion.

A. *Schoenheit* and *E. W. Thomas*, for plaintiff in error, cited: *Brookover v. Esterly*, 12 Kansas, 149. *Wolfley v. Rising*, 12 Kansas, 535. *Duebner v. Koeboke*, 42 Wis., 319.   *Tannahill v. Tuttle*, 3 Mich., 111.   *Eggleston v. Munday*, 4 Mich., 295—304. *Robinson v. Fitch*, 26 Ohio St., 659.   1 Parsons Contracts 571, note.   *Faulkner v. Meyers*, 6 Neb., 418.   *Orchard v. Rackstraw*, 9 Com. B., 698.   *Grinnell v. Cook*, 3 Hill, 485.   *Ingalbee v. Wood*, 33 N. Y., 578.   *Lewis v. Tyler*, 23 Cal., 364.   *Willis v. Barrister*, 36 Vt., 220.   *Goodrich v. Willard*, 7 Gray, 183. *Perkins v. Boardman*, 14 Gray, 481.   *Brackett v. Bullard*, 12 Met., 308.   *Cardinal v. Edwards*, 5 Nev., 36.   *Legg v. Willard*, 17 Pick., 140.

*Frank Martin*, for defendant in error, cited Gen. Stat., 91.   [Comp. Stat., 57.]

MAXWELL, CH. J.

On the 12th day of December, 1878, the defendant kept a livery stable in Falls City, Nebraska, and at that time received from one George W. Cornwall a span of horses to feed and care for.   Cornwall was permitted to retain possession of and use the horses, and on or about the 1st day of January, 1879, he executed a mortgage on said horses to the plaintiff to secure the sum of $187.85, payable May 1st, 1879.   The defendant cared for said horses until about the 13th of March, 1879, when he brought an action and recovered judgment against Cornwall for the sum of $66 and costs, for keeping said horses.   An execution was thereupon issued on said judgment and levied on the horses, when the plaintiff, on the 28th of March, 1879, instituted an action of replevin under its mortgage and recovered possession of the horses.   On the trial of the cause in the court below, the

court found in favor of the defendant, and found the value of his possession to be the sum of $63.75. The plaintiff brings the cause into this court by petition in error.

The question to be determined is, has a livery stable keeper, who does not retain possession of the property, a lien for keeping horses superior to that of a mortgagee?

Sec. 28, of Chap. 4, Comp. Stat., provides that: " When any person shall procure, contract with, or hire any other person to feed and take care of any kind of live-stock, it shall be unlawful for him to gain possession of the same by writ of replevin or other legal process, until he has paid or tendered the contract price or reasonable compensation for taking care of the same."

Had the defendant retained possession of the horses in controversy from the time of receiving the same until the recovery of his judgment against Cornwall, his equity would be superior to that of the plaintiff. But it is clearly proved that Cornwall was permitted to use the horses in question during the entire period that they were fed by the defendant, and that the mortgage in question was executed while the horses were thus in Cornwall's possession. And there is no testimony tending to show that the plaintiff had notice that the defendant was keeping the horses, or claimed a lien upon them. The defendant having parted with the possession of the property, the lien of the mortgage is superior to his. Continuance of possession is indispensable to the existence of a lien at common law, and the abandonment of the custody of the property, over which the right extends, divests the lien. The lien holder in such case is deemed to surrender the security he has upon the property and to rely on the personal responsibility of the owner; but a sale of the property by the owner, while in possession of the party holding it under the lien, will not divest it, because the purchaser takes it subject to the

incumbrance.  3 Parsons on Contr. (5th Ed.,) 243.  A mortgage of chattels conveys the legal title to the mortgagee.  But in this case there is no proof showing the defendant's right to enforce his lien as against the mortgagee.  The judgment of the district court is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.