WILLIAM ROGGENCAMP, APPELLANT, v. J. N. CONVERSE
ET AL., APPELLEES.

1.  Practice: JURY TRIAL.  In an action brought to remove a
    cloud from title to land, the court may but is not bound to give
    a jury trial.

2.  Adverse Possession: EVIDENCE.  In such an action, where
    the title relied on by the plaintiff is that given by the statute of
    limitations for adverse possession during the statutory time, a
    deed in fee of the land from the plaintiff to the defendant, given
    more than ten years before the bringing of the action, is compe-
    tent evidence, in connection with a parol lease taken by the
    plaintiff from the defendant, to show that the possession was not
    adverse.

3.  ———.  Where possession is such as admits the existence of a
    higher title, to which it is subservient, it is not adverse to that
    title.

ON the 11th of March, 1882, Roggencamp brought suit
in the district court of Lancaster county against Joel N.
Converse, Anna E. Converse, and David S. Gray, trustee
of J. N. Converse & Co., claiming title by adverse posses-
sion for more than two years to the following described
lands: So much of the west half of the west half of the
north-east quarter of section number ten, township number
eight, range number eight east, as lies north of the center
line of what was and is known as the Midland Pacific rail-

way.   Also so much of the west half of the east half of the
north-east quarter of section number ten, in township num-
ber eight north, of range number eight, as lies north of the
center line of what was and is known as the Midland Pacific
railway.   Also so much of the west half of the west half
of the north-west quarter of section number ten, township
number eight, of range number eight, as lies north of the
center line of what was and is known as the Midland Pa-
cific railway, except the right of way, forty feet wide, upon
the north side of the center line of said Midland Pacific
railway on each of the above described pieces of land.
Also a strip of land two hundred feet wide, upon the south
side, fifty feet at right angles from the eastern line of the
said Midland Pacific railway, commencing at the west line
of the north-east quarter of section number ten, township
number eight, of range number eight, and extending east-
wardly, parallel with said center line, and fifty feet then
from twenty-one hundred and eighty feet (2,180 feet).
Defendants answered, setting up a general denial, and al-
leged title under a deed from Roggencamp and wife, filed
for record March 31, 1871, at which time Converse " took
possession of a part of said land," the consideration in the
deed being the sum of "one dollar" and "of a regular
station for business upon the north-east quarter of section
ten or the north-west quarter of section eleven, township
eight, range eight east, in said county, by the Midland
Pacific railway, as well as for the benefits growing out
thereof to the public generally," and "to the grantors in
particular."   Defendants had judgment below before GAS-
LIN, J., sitting for POUND, J., and plaintiff appeals.

H. D. Rhea and Foxworthy & Son, for appellant, on
right to trial by jury, cited: Horbach v. Miller, 4 Neb., 31.
Comp. Stat., § 280, p. 567.   On question of adverse posses-
sion contended:   1.  Two persons cannot hold constructive
possession of land at the same time.   3 Washburn, 124.

*Hodges v. Eddy*, 38 Vt., 327 and 344.    *Faught v. Holway*,
50 Me., 24.    2. One may acquire title by adverse posses-
sion, by making the entry under a contract to lease or
purchase.    Comp. Stat., § 8, p. 287.    *Sumner v. Stevens*, 6
Met., 338, and authorities cited.    *Maltoner v. Dimmick*, 4
Barb., 566.    *Ashley v. Ashley*, 4 Gray, 200.    3. The
plaintiff herein has been in actual occupancy of the land,
clear, definite, positive, and notorious, for the period pre-
scribed by statute.    His possession has been continued ad-
verse and exclusive to that part of land so claimed, and of
which plaintiff took possession immediately after the exe-
cution of his deed to defendant, and the evidence shows
that the said plaintiff went into possession with intent to
claim title to the same, and that he has appropriated the
profits thereof under a claim of right which we think is
strong proof of title by adverse possession. *Ford v. Wilson*,
35 Miss., 504.    *Owen v. Morton*, 24 Cal., 376.    *McNamee
v. Moreland*, 26 Iowa, 109.

*O. P. Mason*, for appellees.

Plaintiff was not entitled to jury trial.    *Smith v. Ander-
son*, 20 Ohio State, 76.    *Larkin v. Wilson*, 28 Kan., 513.
On adverse possession, cited: *Sparrow v. Hovey*, 44 Mich.,
63.    *Thompson v. Felton*, 54 Cal., 547.    *Alexander v.
Polk*, 39 Miss., 755.    *French v. Pearce*, 8 Conn., 439.
*Jackson v. Johnson*, 5 Cow., 92.    *Jackson v. Schoonmaker*,
2 Johns., 234.

LAKE, CH. J.

This case comes here by appeal from the district court
for Lancaster county.    The plaintiff claims that he was er-
roneously denied a jury trial.    There is no error in the
ruling of the court below in this particular.    The action
was brought to remove a cloud alleged to be resting on the
plaintiff's title to land of which he claimed to be the own-

er in fee, and was, therefore, an equitable one, in which the court might but was not bound to give a jury trial. Code,. §§ 280-281. *Harral v. Gray*, 10 Neb., 186.

It is claimed also that the finding and judgment are not supported by the evidence; and in this connection, that a deed in fee simple of the premises from the plaintiff and his wife to Joel N. Converse, one of the defendants, was improperly admitted in evidence in defense of the action. The objection made to the admission of this deed was, that it was " immaterial and irrelevant, and not connected with this case at all." That it can be seriously urged that this objection should have been sustained is not a little surprising.

In the endeavor to make out his case, the only title to the land which the plaintiff sought to show in himself was that of possession. He claimed simply that he had occupied it adversely to the defendants for ten years and upwards, and that, consequently, whatever claim they had to it was barred by the statute of limitations.

The due execution and delivery of this deed to Converse was abundantly proved; in reality it was admitted. And it was under this deed that the defendants asserted their claim to the ownership of the land. They claimed on the trial, and produced an abundance of evidence to show that the plaintiff's possession was simply as lessee under the title conveyed by the deed, and not in hostility to it. The deed was both competent and material evidence, not only as showing the character of the defendants' title, but as being strongly corroborative of the oral testimony given to the fact that about the time of its execution the plaintiff had fully recognized the ownership of Converse under it,. by becoming his tenant.

The evidence is not only sufficient to sustain the findings of the district court upon it, but it leaves no doubt whatever as to the fact that the plaintiff's possession was such as admitted the existence of a higher title to which

it was subservient; therefore it was not adverse to that title. *Jackson, ex. dem. Swartwout, v. Johnson,* 5 Cow., 74. The judgment is right, and it will be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.