PATRICK McEVOY v. GREEN SWAYZE.

[FILED MARCH 23, 1892.]

</div>

1. **Onus Probandi.** The burden of proof is upon the plaintiff to establish by a preponderance of the evidence, every material averment in the petition which is controverted by the answer.

2. ———. Under the pleadings in the case, *held*, that the burden of proof rested upon the plaintiff to establish the contract substantially as alleged in the petition, and also the breach thereof as therein averred.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Irvine & Clapp,* and *H. D. Estabrook,* for plaintiff in error, cited: *Breeding v. Stoneman,* 6 J. J. Marsh. [Ky.], 377; *Gilmore v. Wilbur,* 18 Pick. [Mass.], 517; *Whiting v. Sullivan,* 7 Mass., 107; *Harrison v. Luke,* 14 M. & W. [Eng.,], 139; *Berringer v. Iron Co.,* 41 Mich., 305; *R. V. R. Co. v. Linn,* 15 Neb., 240; *George v. State,* 16 Id., 318; *Sang v. Beers,* 20 Id., 374.

*George A. Magney, contra,* cited: *Williams v. Evans,* 6
Neb., 219; *McPherin v. Russell,* 41 N. W. Rep. [Ia.], 301;
*O. Life Ins. Co. v. Goodin,* 10 O. St., 557; *Dillon v. Russell,* 5 Neb., 489; *Cropsey v. Averill,* 8 Id., 157.

NORVAL, J.

The defendant in error brought suit to recover the value
of certain hogs and horses delivered by him to the plaint-
iff in error, upon the ground of a failure of consideration
therefor.    There was a verdict for the plaintiff below for
$608.98.

The cause of action alleged in the petition is that in
January, 1887, plaintiff contracted with defendant for the
purchase of a certain tract of land in Merrick county,
which defendant claimed to own, and that defendant was
to give plaintiff a warranty deed for said land for the sum
of $650; that subsequently plaintiff delivered to defend-
ant forty head of hogs and three horses in part payment
of said purchase price, it being agreed that said horses and
hogs were to be taken at the price of $500 to apply on
said payment; that defendant did not give plaintiff a deed
and has failed and refused to convey said land, though re-
quested so to do; that plaintiff has learned and believes
that defendant has not title thereto and cannot convey the
same; that defendant has retained said stock and refuses
to account for the same; that it is reasonably worth the
sum of $500, and for which amount, with interest, plaintiff
asks judgment.

The defendant in his answer avers that he was the
owner of a homestead certificate to the land in question
and made no other claim of ownership than that evidenced
by said certificate; that he sold said land and transferred
said certificate to plaintiff in consideration of $650, but
did not agree to warrant or defend said title, and denies all
allegations of the plaintiff in that regard; admits the

transfer to defendant of the live stock and that said stock was to be received in part payment to the amount of $500, and denies every other allegation of the petition.

The plaintiff replied by a general denial.

The testimony of the plaintiff below and his witnesses tended to establish the cause of action set up in the petition, while that introduced by the defendant went to show that he never agreed to deed the land in controversy to the plaintiff, but that the contract was that McEvoy was to assign a homestead certificate to Swayze, which he held on the lands, and that such certificate was transferred and delivered to plaintiff at the time the stock was received.

The main question presented by the record is, upon whom was the burden of the proof under the pleadings and evidence in the case? The court upon this point instructed the jury as follows :

" 2. The court instructs the jury that the burden of proof is on the plaintiff to show that the defendant has received the stock as alleged, and that he has agreed to pay or allow therefor the sum of $500. The court further instructs the jury that it is admitted that the defendant did receive the stock set out in plaintiff's petition, and that the defendant did not execute and deliver to the plaintiff a warranty deed for the Merrick county land. The plaintiff therefore must recover in this action unless the defendant has shown that the stock has been paid for by him.

" 3. The burden of proof is on the defendant to show by a preponderance of the evidence that the contract with the plaintiff was as defendant alleges, namely, that he was to assign a homestead certificate to the plaintiff in consideration for the stock received and deliver such certificate and in this manner pay for said stock."

The court in these instructions did not state the correct rule as to the burden of proof. The answer does not admit the making of the contract pleaded by the plaintiff, but expressly denies all allegations of the petition relating

to the terms of the agreement, and then, after admitting the receipt of the stock and the price plaintiff was to receive credit for, the defendant denies all of the allegations of the petition. The answer, therefore, put in issue the making of the contract and the breach thereof as set up in the petition. The affirmative matter averred in the answer is nothing more than an argumentative denial. Such allegations were entirely unnecessary, as the facts could have been proven under the general denial. The affirmative of the issue was upon the plaintiff. Unless he proved the contract substantially as alleged by him, and the breach of the same, by a preponderance of the evidence, he was not entitled to recover. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.