Bedford v. Van Cott.

---

JEFF W. BEDFORD v. DAVID W. VAN COTT ET AL., APPELLEES, AND SIMONS BROTHERS ET AL., INTERVENORS, APPELLANTS.

FILED OCTOBER 16, 1894. NO. 5333.

1. **Chattel Mortgages: LIENS.** The mortgagee under a chattel mortgage acquires a lien only upon the property conveyed and not the legal title thereof.

2. **Fraudulent Conveyances.** Evidence examined, and *held* to sustain the decree of the district court.

APPEAL from the district court of Douglas county. Heard below before DOANE, J.

*William E. Healey, H. P. Stoddart,* and *George D. Meiklejohn,* for appellants.

*Cornish & Robertson, contra.*

POST, J.

This is an appeal from a decree of the district court for Douglas county and involves the validity of a chattel mortgage executed by one David W. Van Cott to the National Bank of Commerce of the city of Omaha. The mortgage in controversy was executed on the 14th day of August, 1890, to secure three several notes of the mortgagor, to-wit: One for $4,500, dated February 21, 1890; one for $250, dated August 6, 1890; and one dated August 13, 1890, for $457.42; all payable on demand and all bearing interest at the rate of ten per cent per annum. On the same day Van Cott executed a second mortgage covering the same property, in favor of Bedford, the plaintiff herein, to secure a note of $1,256.93, of the same date, payable on demand, with interest at ten per cent, and which contains a recital to the effect that it is subject to the mortgage herein first described. Upon the execution of the mortgages named Bedford and the bank, it appears, took immediate possession of the property conveyed, and gave notice of the sale thereof in ·the manner provided by law; but previous to the day of sale named in said notice, Bedford commenced this action, in which he seeks to assert his mortgage subject to the lien of the bank. Afterwards, on the application of the plaintiff, a receiver was appointed, who took possession of the mortgaged property and converted it into money. Subsequent to the appointment of the receiver, the appellants Simons Bros. & Co. and Samuel Eichberg, creditors of Van Cott, obtained leave to proceed against said property by attachment, and also to intervene in this action for the purpose of asserting their claims to the property as attaching creditors, adverse to those of the

plaintiff and the bank.   In their petitions of intervention, which are substantially alike, they assail the mortgages on the ground that they were executed in fraud of the rights of the other creditors of Van Cott, and allege that both plaintiff and the bank had notice of and actively participated in such fraud.   The allegation of fraud having been put in issue by proper pleadings, a final hearing was had, resulting in a decree in favor of the appellees, and from which the intervenors have prosecuted an appeal.

In addition to the facts above stated, appellants rely upon the evidence given by Mr. Johnson, a former cashier of the defendant bank, who testified that on the 21st day of February, 1890, Van Cott and wife executed in favor of the bank a mortgage on certain real estate of the latter to secure the $4,500 indebtedness above mentioned.   He also testified that it was then, in substance, agreed between Van Cott and the bank that in case the business of the former should prove unsuccessful and he should be unable to pay his creditors in full, the real estate mortgage above mentioned should be released by the bank and the indebtedness therein described secured by a mortgage upon the stock of jewelry in controversy; or, in the language of the witness, "If anything occurred so he could not pull through, he would give a chattel mortgage on the jewelry stock." The purpose of that agreement, it is contended, was to enable Van Cott, who was then hopelessly insolvent, to place his property beyond the reach of creditors, and that the mortgage involved in this controversy, having been executed in pursuance of that agreement, must be adjudged fraudulent as against the intervenors.   Another fact to which considerable emphasis is given in the brief of the appellants is that on the 20th day of January, 1891, six days after the confirmation of the sale of the mortgaged property by the receiver, Bedford, the plaintiff and purchaser at said sale, L. Van Cott, wife of the mortgagor, David W. Van Cott, D. W. Haynes, H. D. Shull, and

Thomas W. Boyd executed articles of incorporation for
"The Van Cott Jewelry Company;" said corporation
was organized for the purpose of dealing in jewelry in the
city of Omaha, with an authorized capital stock of $20,-
000, and immediately proceeded to transact business, ap-
parently as the successor of Van Cott, with the latter as
general manager.    On the part of the bank, Mr. Cornish,
the president, testified positively that the only inducement
for the satisfying of the real estate mortgage was the secur-
ing of the two notes, for $457.42 and $250, respectively,
and the better security for the $4,500 note.    That about
that time Van Cott applied for further accommodations,
which were refused, the bank demanding to be protected
on account of his unsecured indebtedness.    He then offered
to secure his entire indebtedness to the bank by mortgage
upon his stock of jewelry, provided the bank would release
the real estate mortgage, which proposition was accepted by
the bank and the mortgage in controversy executed in ac-
cordance with that agreement.

In view of that record the finding of the trial court
should not be disturbed on the ground that it is not sup-
ported by the evidence.    The facts relied on for reversal of
the decree are consistent with the theory of good faith on
the part of the bank, and the claim of the latter, if not
sustained by a preponderance of the .evidence, has ample
support therein for the purposes of this appeal.    The
theory of appellants with respect to the plaintiff's rights is
that the legal title to the property passed by the first mort-
gage to the defendant bank, that plaintiff acquired a mere
equitable interest therein by his mortgage, and has no stand-
ing as against their claims as attaching creditors.    To sus-
tain that contention they rely upon the case of *Adams v.
Nebraska City Nat. Bank*, 4 Neb., 373, and *Marseilles Mfg.
Co. v. Morgan*, 12 Neb., 66; but those cases, in so far as
they tend to sustain that proposition, cannot be regarded
as the law of the state.    According to recent cases the mort-

gagee under a chattel mortgage acquires not the legal title to the property, but merely a lien thereon, the legal title remaining in the mortgagor. (See *Musser v. King*, 40 Neb., 892.)    The decree of the district court is therefore

AFFIRMED.