OMAHA FIRE INSURANCE COMPANY V. PETER F.
THOMPSON ET AL.

FILED FEBRUARY 3, 1897.   No. 8137.

1. **Equity:** TRIAL OF ISSUE OF FACT: JURY.   The power of a court of
equity to obtain the verdict of a jury on any issue or issues is pre-
served by the Code, and in actions equitable in their nature the
trial court may, in its discretion, impanel a jury and submit to its
determination such issues of fact as it deems expedient.

2. ———: ———: VERDICT: JUDGMENT.   When such a course is taken
the verdict is at most a determination of the issues of fact sub-
mitted.   The judgment need not strictly conform thereto, but the
court may, on determining the other issues, enter such judgment
as the whole case demands.

3. **Insurance:** MECHANIC'S LIEN.   The filing of a claim for a mechanic's
lien does not in itself establish such lien, even *prima facie.*   It is
merely the performance of a condition essential to consummate the
lien.

4. ———: ———: EVIDENCE.   Therefore, in an action on a policy of in-
surance, one of the defenses being that the insured had permitted
the property to become incumbered, contrary to a provision in the
policy, it was not error to exclude from evidence the record of a
claim for a mechanic's lien, no facts being offered to establish the
substantive facts creating such lien.

5. ———: CHATTEL MORTGAGES.   A policy of insurance contained the
following: "It is agreed that if any false statements are made in
said application this policy shall be void;  *  *  *  or if the prop-
erty be sold or transferred or incumbered, or upon the commence-
ment of foreclosure proceedings; or in case any change shall take
place in the title, possession, or interest of the assured in the above
mentioned property; or if the assured shall not be the sole and
unconditional owner in fee of said property;  *  *  *  then in
each and every one of the above cases this policy shall be null and
void."   It did not appear that any application had been made or
required, or that any representations had been made with regard
to the title.   *Held,* That the existence of a chattel mortgage on a

part of the property at the time the policy was written did not, under the clause quoted, avoid the policy.

6. Chattel Mortgages.   A chattel mortgage in this state creates merely a lien, and does not pass title to the mortgagee.   *Musser v. King*, 40 Neb., 892, followed.

7. Insurance: BILL OF SALE: CHANGE OF POSSESSION.   The voluntary execution by the insured of a bill of sale of a portion of the property, without consideration, without delivery to the vendee, without the vendee's knowledge, without any prior contract, and without change in possession, does not create such a change in interest as to avoid the policy.

8. ———: ACCORD AND SATISFACTION.   To an action on a policy of insurance the defendant pleaded that after the loss it had made a settlement with the insured, whereby it agreed to pay a certain sum in sixty days, and that, relying on such settlement, it had accepted orders of the insured in favor of third persons for a portion of the amount, and had admitted indebtedness in garnishment proceedings which resulted in a judgment against it for another portion, the aggregate amount assumed being less than the amount of the settlement.   It was not alleged that these obligations had been paid.   *Held*, That this neither operated as an accord and satisfaction, nor did it estop the plaintiff from rescinding the agreement on the ground of fraud.

9. ———: ———: BURDEN OF PROOF.   To such answer the plaintiff replied denying the settlement pleaded, and then affirmatively alleging that he had agreed to accept the sum of money named on condition that it be paid in four days.   *Held*, That under these pleadings the burden was on the defendant to establish the settlement as it alleged it to be.

10. Damages: PREJUDICE OF JURY.   The mere fact that a verdict for $2,865.30 was $105 in excess of the amount recoverable is not sufficient to show that the jury was influenced by passion or prejudice.

11. Insurance: ATTORNEY'S FEE.   Under Compiled Statutes, chapter 43, section 45, the court may, in an action on a policy covering both real and personal property, allow a reasonable attorney's fee, based on the amount recovered on account of the real property.

ERROR from the district court of Holt county.   Tried below before KINKAID, J.   *Affirmed.*

*W. D. Oldham* and *J. M. Easterling*, for plaintiff in error.

*H. E. Murphy, M. F. Harrington*, and *R. R. Dickson*, contra.

IRVINE, C.

This action was begun by Thompson against the Omaha Fire Insurance Company to recover on a policy of insurance covering certain buildings and also personal property, it being alleged that all of said property had been totally destroyed by fire. The insurance company answered admitting the issuing of the policy and alleging affirmative matters which may be grouped as stating, or attempting to state, three defenses: First, that, contrary to the provisions of the policy and while it was in force, the plaintiff permitted a mechanic's lien to accrue against the real estate, and that thereafter the plaintiff had executed and delivered to his wife a bill of sale of all the personal property. In short, these are allegations of a transfer and incumbrance of the property while the policy was in force. Second, that prior to the issuance of the policy the plaintiff had executed a chattel mortgage on a portion thereof. Third, that after the fire the loss had been settled and adjusted between the parties for $1,717, which the defendant agreed to pay within sixty days, and that, relying on such adjustment, the defendant had accepted two orders drawn by the plaintiff against the company for portions of the money, one for $825, the other for $292, and that still later, relying on the adjustment, the defendant having been summoned in garnishment, had admitted an indebtedness of $600 to the plaintiff and was adjudged to pay into court the sum of $129.80. This defense, if it be one, is, in short, either a plea of an adjustment or a plea of accord and partial satisfaction, by becoming obligated to third persons in reliance on the accord. The reply, after a general denial, and a special denial of the settlement pleaded, proceeded to aver that plaintiff had made an agreement with the defendant to settle the loss for $1,717, but upon condition that said sum of money should be paid immediately upon the return of the adjuster to Omaha, and within four days from the date of the agreement, and that the defendant

had failed to pay any portion thereof within the time fixed. Further, that plaintiff had been induced to enter into such agreement by certain representations, which were false. E. H. Hubbard intervened, and by way of cross-petition alleged an indebtedness from the plaintiff to himself of $825, the making of an order by the plaintiff upon the defendant for said sum, and its acceptance by the defendant. He prayed for judgment against the defendant for that sum. O. O. Snyder & Co. also intervened, alleging an indebtedness of $292 and an order and acceptance similar to that of Hubbard. The Sharpless Company intervened and pleaded a judgment against plaintiff, and a garnishment of the defendant and judgment in the garnishment proceedings for $129.80. The insurance company then filed an application whereby it asked that, because of the multiplicity of interests in dispute, the cause be determined by the court in the exercise of its equity jurisdiction. Instead, however, of proceeding in accordance with this application, a jury was impaneled and the court submitted to the determination of the jury the issues made between the plaintiff and the insurance company, reserving for its own determination the issues presented by the pleadings of the intervenors. The jury trial resulted in a verdict for the plaintiff for $2,865.30. The plaintiff remitted $105 from the verdict. The cause then coming on for hearing upon the untried issues, the court found in favor of the three intervenors, and accordingly entered judgment in favor of Hubbard for $825, in favor of Snyder & Co. for $292, in favor of the Sharpless Company for $129, and in favor of the plaintiff for the remainder of the verdict, after deducting the amount remitted. The insurance company brings the case here by petition in error.

The first question raised relates to the refusal of the court to try the cause without the intervention of a jury. This was not error. Assuming that by the several petitions of intervention, and by the nature of the answer of the insurance company, a case was finally presented

which, under the old procedure, would properly be brought in equity, still the trial of any or all the issues to a jury was a matter within the discretion of the trial court.    While it has become elementary, it seems that it is impossible to too often remind the bar that by virtue of the Code the distinctions formerly existing between proceedings at law and in equity have been abolished. The constitutional guaranty of trial by jury (Constitution, art. 1, sec. 6) is that "The right of trial by jury shall remain inviolate."    That is, the right was not extended by the constitution; it was merely preserved.    On the other hand, it was not curtailed.    By section 280 of the Code it is provided that "issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided."    Section 281 provides: "All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this Code."    These sections were plainly intended to be preservative of the right of trial by jury as it had formerly existed, and are in effect nothing more than a declaration of the former law as to the mode of trial.    Under the old procedure the chancellor might obtain the verdict of a jury by permitting an action at law to be instituted, by a feigned issue, or by directing an issue.    (2 Daniell, Chancery Pleading & Practice, 1070 *et seq.*)    The verdict so reached was merely for the information of the chancellor.    Our Code preserves the same right to obtain verdicts on issues in proceedings equitable in their nature, but under the reformed procedure the method is merely by impaneling a jury in the original action and submitting to its determination the issues desired.    In an equity case the court may, but is not bound to, so give a jury trial.    (*Roggencamp v. Converse*, 15 Neb., 105.)    The course taken in this case was perfectly appropriate.    As the case was begun, it was in its nature one in which under the constitution either party had a right to demand

a jury. It was simply a proceeding *ex contractu* to recover money. It became complicated by petitions of intervention by parties claiming assignments or liens upon portions of the fund in dispute. The court very properly preserved the original right to a jury trial by trying the direct issues in that way, and with equal propriety avoided complications by reserving the case, so far as it was in its nature equitable, for determination by the court alone.

Under three assignments of error the insurance company argues questions relating to the defenses based on alleged incumbrances and conveyances of the property. The insurance company offered in evidence a claim or statement for a mechanic's lien recorded in the county clerk's office. On objection by the plaintiff this was excluded. The object was to show that in violation of a provision of the policy the property had been incumbered after the policy was issued. The record offered did not establish such a defense. No offer was made to prove any of the substantive facts which under our law give rise to a mechanic's lien. The claim of lien alone is not evidence of the existence of the lien, even as between the parties thereto. The statement does not establish a lien, but the claimant must, in addition thereto, prove the performance of labor or the furnishing of material for the erection, reparation, or removal of a house or other building, and other facts necessary to constitute a lien. The introduction of the statement in evidence merely proves the performance of a condition essential to consummate the lien. It is an instrument prepared and filed by the claimant, to which the owner is not a party, and by which he is not bound in the absence of the substantive facts creating the lien.

The defendant also offered in evidence a chattel mortgage executed by Thompson on certain live stock covered by the policy. This was excluded. It was executed before the policy was written. It was in force at that time, but we are unable to find any provision of the policy

whereby it was avoided for that reason. Without quoting provisions manifestly inapplicable, we quote the following as being the only portions of the policy upon which the defendant can possibly base its contention: "It is agreed that if any false statements are made in said application, this policy shall be void;  *  *  *  or if the property be sold or transferred or incumbered, or upon the commencement of foreclosure proceedings; or in case any change shall take place in the title, possession, or interest of the assured in the above mentioned property; or if the assured shall not be the sole and unconditional owner in fee of said property;  *  *  *  then in each and every one of the above cases this policy shall be null and void." It is not averred in the answer that in the application the plaintiff misrepresented or concealed the fact of the incumbrance. Nor is there any proof to that effect. Indeed, it does not appear, except by a recital in the policy, that any formal application was made. None was introduced in evidence. So that the mortgage did not tend to prove any defense under the first clause quoted. The following clause manifestly refers to a future sale, transfer, incumbrance, or change of interest, and not to an incumbrance existing at the time the policy was written. This appears generally by the language and particularly by that clause whereby the commencement of foreclosure proceedings avoids the policy. This clearly indicates that existing incumbrances were within the contemplation of the parties, and that the policy was not to be avoided unless foreclosure proceedings should be begun upon them. Finally, notwithstanding the mortgage, the assured was the sole and unconditional owner in fee of the property, as a chattel mortgage does not pass title. (*Musser v. King*, 40 Neb., 892; *Bedford v. Van Cott*, 42 Neb., 229; *Murray v. Loushman*, 47 Neb., 256; *Randall v. Persons*, 42 Neb., 607; *Sharp v. Johnson*, 44 Neb., 165; *Camp v. Pollock*, 45 Neb., 771; *Strahle v. First Nat. Bank*, 47 Neb., 319.) The proof of the mortgage, therefore, did not tend to establish any defense and was properly excluded.

Complaint is made of the sixth instruction. It is too long for profitable quotation in the opinion. It was, however, to the effect that the burden of proof was on the insurance company to establish its defense relating to the transfer of the personal property by the plaintiff to his wife, and that in order to establish such defense it was essential to prove not only the making of the bill of sale pleaded, but, in addition thereto, its delivery to Mrs. Thompson, or her knowledge of its existence and acquiescence therein. It goes without saying that a transfer of personal property may be proved without a bill of sale, either made or executed. But the defendant, both by its pleadings and proof, relied solely on the bill of sale as establishing the transfer. It was not claimed that there had been any change of possession, actual or constructive. There was evidence tending to prove that Thompson had voluntarily executed a bill of sale to his wife and had caused it to be recorded; but that this was without the knowledge of his wife, that it was not in pursuance of any contract made with her, that it was without consideration, and that she obtained no knowledge thereof until the time of the adjustment, or attempted adjustment, of the loss. Certainly the court construed the law as favorably as possible to the insurance company when it adopted the view that the making and delivery of a bill of sale, or the making of one and Mrs. Thompson's acquiescence therein without delivery, were without other circumstances sufficient to prove a transfer or change of interest. We think the burden was upon the company to establish these facts, if not more. We are aware that the delivery of an instrument for record has sometimes been held a constructive delivery to the vendee; but we know of no provision requiring or authorizing the recording of an absolute and unconditional bill of sale of chattels, and its delivery for record can no more be taken as constituting a delivery to the vendee than its delivery to any third person for the purpose of having a copy made.

An assignment of error upon which considerable stress

is laid in the argument relates to the modification of instruction No. 2 given at the request of the plaintiff. The language complained of does not appear in that instruction, but does appear in instruction No. 3. It does not, however, appear that this language was introduced by way of a modification of the instruction; nor does it appear that any exception was taken either to the instruction or to its modification. The assignment, therefore, cannot be considered.

Complaint is made of the seventh instruction. This instruction is very long and relates to the issues tendered by what we have styled the third defense. Its effect is that the burden of proof was upon the insurance company to establish the settlement pleaded, the inference being that the burden was not upon the plaintiff to establish the condition upon which the settlement was based as pleaded in the reply. Further, the instruction proceeds to charge the jury that if the settlement was made, the plaintiff was not bound provided it was procured by the false representations pleaded in the reply, and because of plaintiff's reliance on such representations. It was admitted that the representations, if made, were false. The insurance company now contends that this instruction is erroneous in the first place for casting the burden upon the defendant to establish the agreement, it being urged that the plaintiff in the reply admits this fact. We do not think so. The defendant pleaded an agreement to settle the loss at $1,717, to be paid in sixty days. The plaintiff denied this, and pleaded an agreement to settle at $1,717, on condition that it should be paid immediately upon the adjuster's return to Omaha, and within four days. The reply in this respect is, in substance, similar to the special traverse of the common law. The denial of the contract alleged was in itself sufficient to cast upon the defendant the burden of proving it. The affirmative pleading of a different contract was merely an argumentative denial, the inducement of the special traverse at common law, and not

itself traversable. The case is in this respect similar to *McEvoy v. Swayze*, 34 Neb., 315, where under a similar state of the issues it was held that the burden was upon the party claiming under the contract to prove it as he alleged it to be. It is further contended that the instruction under consideration was erroneous because it disregarded facts operating as an estoppel against the plaintiff. On this point the theory of the insurance company is that the insurance company, having accepted the orders in favor of Hubbard and Snyder, and having answered as garnishee in the Sharpless case, admitting an indebtedness to the plaintiff, and all in reliance on the settlement, the plaintiff was thereby estopped to rescind the same. But in these facts we see none of the elements of an estoppel. The so-called settlement, if it were enforceable, would not discharge the insurance company without satisfaction by payment of the sum agreed upon. It would still owe that sum, which was greater than the aggregate of the liabilities charged upon it by the orders and garnishment. Had the jury by its verdict found that the plaintiff was entitled to recover less than this aggregate, then the company might well urge that it had changed its possession to its disadvantage in reliance on the settlement. But an accord without satisfaction is not a defense, and the assumption of obligations to third persons of a portion of the amount agreed upon without the payment of such obligations was not a satisfaction. The company was in nowise prejudiced by assuming the obligations, whether or not the settlement was fairly reached.

It is contended that the verdict was the result of passion and prejudice. In support of this counsel refer simply to the verdict itself. This was for a sum less than the face of the policy, with interest. For some reason, not disclosed on the face of the record, the plaintiff felt bound to remit $105. It may, therefore, be assumed that the verdict was to that extent excessive, but this is insufficient in itself to disclose passion or prejudice.

It is urged that the court erred in allowing an attor-

ney's fee for $120. By what is known as the "Valued Policy Law" (Compiled Statutes, ch. 43, sec. 45), it is provided "that the court, upon rendering judgment against an insurance company upon such policy of insurance, shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs." In *Hanover Fire Ins. Co. v. Gustin*, 40 Neb., 828, it was held that the term "such policy" in the statute refers to policies written upon real property, which is the subject of the preceding sections, and we think this construction is correct. But we cannot concede the argument of plaintiff in error that where a policy covers both real estate and personal property the section is inapplicable. This was a policy written to insure real property, although it also includes personalty. It is probable that in such a case the court should fix the fee with regard to the loss on the real property alone. But judged by that standard, the allowance was in this case reasonable. The total insurance on the buildings was $1,310. The loss was total, so that the sum insured fixed the amount of recovery on account of the buildings. We cannot say that there was an abuse of discretion in allowing an attorney's fee of $120 on a recovery of $1,310 in a case as sharply contested as this seems to have been.

Finally it is urged that the finding and judgment are conflicting and not in accordance with the verdict. In support of this contention it is argued that the jury by their verdict having found that there had been no valid settlement, the court gave effect to such settlement by awarding judgments in favor of the intervenors and did not enter judgment in conformity with the verdict. In discussing the seventh instruction we indicated our view that there was no essential connection between the so-called settlement and the claims of the intervenors. The validity of the settlement in nowise depended upon the validity of those claims, nor did the validity of the claims depend upon that of the settlement. Therefore, by allowing the claims of the intervenors, the court did not

disregard the verdict, and, treating the action as one in equity, as the plaintiff in error contends it was, the court was not bound to enter judgment in conformity·with the verdict. So treated, the verdict was taken simply to inform the conscience of the court upon the issues submitted to the jury, and operated at most as a determination of those issues. It was not decisive of the general result of the case. Payments were computed and judgment rendered on the basis of the verdict, with entire regard to the facts found by the jury and the damages by it assessed.

AFFIRMED.