APPEL MERCANTILE COMPANY, APPELLEE, V. EDWIN S. KIRT-
LAND, APPELLEE: BANK OF ORLEANS, APPELLANT.

FILED DECEMBER 31, 1920. No. 21168.

1. **Chattel Mortgages.** A chattel mortgage in this state merely creates a lien and does not pass title to the mortgagee. It is in the nature of a pledge to secure payment of the debt.

2. **Fraudulent Conveyances: BULK SALES LAW: CHATTEL MORTGAGE.** Section 2651, Rev. St. 1913, known as the "Bulk Sales Law," was enacted to regulate the business of merchandising, and a chattel mortgage given in good faith upon a stock of merchandise is not within the inhibition of that statute.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed and dismissed.*

*Fawcett & Mockett,* for appellant.

*Hainer, Craft & Lane, contra.*

ALDRICH, J.

This is an action in equity brought in the district court for Lancaster county against Edwin S. Kirtland and the Bank of Orleans, defendants, by the Appel Mercantile Company, a corporation, growing out of an alleged fraudulent disposition of a stock of goods and other property owned by Charles W. Pierson and Orilla Pierson to the defendant bank and Edwin S. Kirtland.

In 1905, the Piersons, who were husband and wife, residents of Orleans, Nebraska, filed their certificate of partnership according to law in Harlan county and commenced the business of the Orleans Watch Company, which comprised a general repair, jewelry and mail order business. The wife conducted a millinery business in the same room of the building. The husband had no interest in the millinery business. Pierson and his wife each separately maintained an account with the Bank of Orleans. The Piersons checked on their own individual account in this bank to

meet their respective obligations. This was continued until July 31, 1907, when the bank took possession of both stocks of goods, their books and accounts, fixtures and household furniture. At the close of this business no creditors except the Bank of Orleans and Mr. Kirtland were pressing the Piersons. Kirtland, president of the Bank of Orleans, acted as attorney for Pierson and wife.

On July 30, 1907, a note and mortgage for $660.88 were made by Pierson and wife to the bank. This mortgage covered both stocks of goods as well as the fixtures and furniture hereinbefore mentioned. A short time prior to the execution of the $660.88 note and mortgage, Mrs. Pierson had gone on a visit to Ohio, leaving Mr. Pierson in charge. Other chattel mortgages were given, and, with the exception of one for $300, none of them was filed as required by law until July 31, 1907. On the day following the delivery of the note and mortgage for $660.88, Mr. Kirtland, as president of the bank, came to Mr. Pierson, demanded the keys to the building, the same were delivered to him, and he took possession for the bank.

Mrs. Pierson testified that she began her millinery business on credit obtaining her stock from the Appel Mercantile Company; that she practically did all her buying from the appellee, and that she conducted her business for three reasons.

The question of jurisdiction was raised growing out of the alleged insufficiency of the service. There is nothing of merit in the question, for the defendants each submitted to the jurisdiction of the court. They waived any defect there might have been in the service when they submitted to the court's jurisdiction.

It is claimed that the chattel mortgage given by Mrs. Orilla Pierson on the stock of millinery goods was fraudulent and given for the purpose of hindering and delaying creditors. This is not correct in our opinion. The defendant bank advanced money in payment of the running expenses and other items until Mrs. Pierson owed the bank as per one certain note and chattel mortgage the sum of

$660.88.   Other chattel mortgages and notes were given, but this appeal actually involves only the note given by Mrs. Pierson.   All the other mortgages and transactions were merely incidental to this transaction.

The appellees seek to fix liability for this transaction upon Mr. Kirtland, one of the defendants, who was president of the defendant bank at the time of the transaction. We have carefully examined the record and hold that there is not sufficient evidence to fix any joint or several liability against defendant Kirtland as joined with the defendant bank, and that he was properly dismissed out of the case.

The next question which presents itself for our consideration on this appeal is: Was the giving of such chattel mortgage a nullity?   Under section 2651, Rev. St. 1913, it is provided, among other things, that: "The sale, trade or other disposition in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be void as against the creditors of the sellers."

Thus the plaintiff seeks to invoke a law to nullify this chattel mortgage.   This proposition might be well taken if this state had not already held: "In this state the title to mortgaged chattels remains in the mortgagor until foreclosure of the mortgage." *Drummond Carriage Co. v. Miller,* 54 Neb. 417.   It has also been held by this court that a chattel mortgage in this state merely creates a lien and does not pass title to the mortgagee. *Omaha Fire Ins. Co. v. Thompson,* 50 Neb. 580.   It is plain that it is the law of this state that a chattel mortgage only creates a lien on the property securing the payee for the payment of the debt.   It in no sense passes title.   The legal title at all times remains in the mortgagor until he is divested by foreclosure proceedings and sale in pursuance of the statute.   Until the title of the mortgagor is disturbed by sale as provided by statute the mortgagee merely has a lien on the property for purposes of security. *Musser & Co. v. King,* 40 Neb. 892.

Appel Mercantile Co. v. Kirtland.

Then it is plain that in the instant case the bulk sales law has no application, and is not invalid merely because of the limited number of persons who will be affected by it. The act applies to all the people of the state. In reality it is merely the regulation of the business of merchandising. It cannot be considered as class legislation because of the limitations of the act to merchants. The act in question here applies equally to all the merchants of the state. It does not take away property of the citizen, but only regulates in such a manner as to prevent fraud, and that was the real intent and purpose of its enactment.

The record establishes that Mrs. Pierson was the sole owner of the stock. She did business individually for herself and had no relation with her husband in this millinery stock. She deposited, checked out and had a separate account. This bulk sales law, then, is not in violation of any of the provisions of our state Constitution.

The defendant bank had a perfect right to secure payment for the money advanced to Mrs. Pierson, and when it took a chattel mortgage upon this millinery stock it did what any prudent business man had a perfect right to do. We hold the mortgage was a legal and valid lien and the foreclosure was regular and in accordance with the statute. The mortgage, in our opinion, was made in good faith and was an honest transaction.

Other items are discussed and brought up in this action, but the validity of the $660.88 note and mortgage last given and the nonapplication of the bulk sales law really determine the issues in this case. The defendant bank could not be held for more than has been determined the note and mortgage were given for. It appears in the record that in the Harlan county district court plaintiff obtained a judgment for $640. This finding still stands, has never been modified or appealed from. Hence plaintiff has the full force and benefit of it. Under the facts as appear of record in this case we hold this action must be reversed and dismissed.

REVERSED AND DISMISSED.