WILLIAM E. MUELLER V. WILLIAM N. PARCEL ET AL.

FILED MAY 5, 1904.   No. 13,557.

1. **Chattel Mortgages:** PRIORITIES. A verbal chattel mortgage, not coupled with possession by the mortgagee, will not take precedence over a subsequent written mortgage, taken without notice of the secret lien of the verbal mortgage.

2. **Rulings.** Action of the trial court in admission of evidence examined, and *held* not prejudcial.

3. **Replevin:** VERDICT: SPECIAL FINDING. Where plaintiff was in possession of the property replevied, under a claim of a special ownership as mortgagee, and the jury returned a verdict finding the right of property and the right of possession in plaintiff, and that the value of this right in said property was $117.17, the amount due on the mortgage, and the general verdict was supplemented with a special finding that the value of the property is $160, *held*, that such verdict and special finding are sufficient to sustain a judgment that plaintiff is entitled to the possession of the property, and that the value of his special property in the goods replevied is $117.17.

ERROR to the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed with directions.*

*Hoagland & Hoagland* for plaintiff in error.

*A. H. Davis* and *Beeler & Muldoon, contra.*

OLDHAM, C.

This is an action of replevin instituted by the plaintiff against the defendants to recover possession of 400 bushels

of corn, under the claim of special ownership based on a chattel mortgage held by the plaintiff on the corn in controversy. There was a judgment for plaintiff in the court below, and the defendant William E. Mueller alone brings error to this court.

The facts underlying this controversy are, that defendant William E. Mueller is the owner of a farm in Lincoln county, Nebraska, and that, in the year 1902, J. H. Nagle cultivated a crop of corn on a portion of defendant's lands for two-fifths of the corn raised on the lands so cultivated; that about the time the corn was gathered he, Nagle, executed two chattel mortgages on this corn. One of these mortgages was executed to the plaintiff, and the other to one Young, who assigned and sold the same to plaintiff before the suit was instituted. Each of these mortgages was given to secure a *bona fide* indebtedness to the respective mortgagees. It appears that before the corn was gathered, defendant William E. Mueller went on a visit to Oregon, and left his property in charge of his wife. It also appears that defendant Herman Mueller, who is a son of William E. Mueller, entered into a contract with Nagle to gather and crib the corn, and to deliver a certain portion thereof to plaintiff Parcel, for a consideration named in the contract with Nagle. After the corn was gathered, plaintiff demanded possession of the amount covered by his mortgage, and was refused possession by Mrs. Mueller and Herman Mueller, and this suit was instituted, naming all these parties as defendants. They were all summoned, and appeared and answered. Defendant William E. Mueller filed a general denial. Mrs. Mueller answered, disclaiming any ownership in the property, and alleging that she held possession of the corn in controversy as agent of her husband. Herman Mueller answered, disclaiming ownership, and denying that he had ever had possession of the corn as agent of defendant Nagle. Under the issues thus formed, the court, over the defendants' objection, permitted the plaintiff to allege and prove the contract of Nagle with Herman Mueller to

gather and crib the corn. This is one of the alleged errors called to our attention in the brief of William E. Mueller, and will be presently considered. Defendant William E. Mueller contended, first, that Nagle had no property in any portion of the corn, because the land had never been leased to him, and he had abandoned his contract to cultivate the land for two-fifths of the corn raised thereon. This issue, however, was fairly submitted to the jury on conflicting testimony, and was found in plaintiff's favor. Defendant's second contention was that, if Nagle was the owner of two-fifths of the corn raised and cribbed on the Mueller land, then the defendant was entitled to the possession of the corn so raised, on a verbal chattel mortgage made by Nagle to defendant to secure an advancement of money, prior to the execution of the mortgages relied upon by plaintiff. There is no evidence in the record tending to show that plaintiff had either actual or constructive notice of this secret lien of defendant, if it ever in fact existed. The court, however, submitted this defense to the jury in paragraph 4 of the instructions requested by defendant, saying in substance that, if they believed that an agreement for such lien was verbally entered into between Nagle and defendant Mueller, prior to the execution of the mortgages in suit, and that defendant had retained possession of such corn under such agreement, then they would find for the defendant for the value of his lien. This instruction of the trial court appears to have submitted this defense to the jury under conditions as favorable as defendant was entitled to, either under the law or the testimony contained in this record.

The action of the trial court, in permitting the plaintiff to plead and prove that Nagle employed defendant Herman Mueller to gather and crib the corn for him, is complained of as having been prejudicial to the interest of defendant William E. Mueller. We think, however, that this testimony was properly admitted for the purpose of showing that Nagle, after cultivating the corn, had employed Mueller to gather and crib it, as he, Nagle, was

bound to do under his contract. The court, however, instructed the jury that they were not to take this contract into consideration as affecting the rights of the defendant William E. Mueller in any manner, as he was not shown to have been a party to it. Consequently, William E. Mueller, who alone brings error, is in no shape to complain of this evidence.

It is next contended that the verdict of the jury and judgment of the court rendered thereon are fatally defective, and that, for this reason alone, the case should be reversed and remanded. The form of the verdict returned by the jury was as follows: "We, the jury in this case, being duly sworn and impaneled, do find and say that the right to the property and possession of said property when this action was commenced was in plaintiff, and that the value of this right in said property was the sum of $117.17." It is contended that this verdict is fatally defective, in that it finds both the right to the property and the right of possession in plaintiff, when he only alleged a special property interest, by virtue of his chattel mortgage, in his affidavit and petition. And we are cited to the case of *Hayes v. Slobodny*, 54 Neb. 511, as decisive of the question. In *Hayes v. Slobodny*, as in the case at bar, the plaintiff had secured possession of the property on his writ of replevin, and alleged a claim to a special and not a general ownership therein. The verdict in that case was in the following form: "We, the jury, duly sworn and impaneled in the above entitled cause, do find that the right of the property and right of possession of said property when this action was commenced was in the plaintiff and assess his damages in the premises at the sum of one cent."

In disposing of this case, RYAN, C., speaking for the court, says, "At the time of the trial the replevied property was in his (plaintiff's) possession, and with reference to that property there was no finding as to the value of his possession as in such cases required by the provisions of section 191*a*, code of civil procedure, but the finding in his

favor was of general ownership and an unlimited right of possession." There is an unfortunate reference in this opinion to section 191a of the code, as controlling the form of the verdict in the case, where plaintiff has possession of the goods replevied, either under a claim of general or special ownership. The form of a verdict in his favor is prescribed by section 192, and not by section 191a of the code. The opinion, however, in *Hayes v. Slobodny, supra,* turned on the question that the verdict was not supported by the pleading. Now in the case at bar, the jury, by special finding, answered that the value of the property in plaintiff's possession was $160 and by their verdict they found that plaintiff's interest in this property was of the value of $117.17, which was the amount due on the notes and mortgages. While the verdict was technically erroneous in finding that the right of the property as well as the right of possession was in the plaintiff, yet we think this error was cured by finding the value of plaintiff's property in the replevied corn. The general rule is that where the successful party in a replevin action claims less than the full interest in the property replevied, the value of his interest should be fixed. Cobbey, Replevin (2d ed.), sec. 854.

While it is always good practice to follow this rule, yet our code does not require it to be followed, where plaintiff prevails in the action and is possessed of the property replevied. In such case, it is only required that the jury by their verdict shall assess adequate damages to the plaintiff for the illegal detention of the property, and for costs. Now, it seems to us, that the general verdict of the jury, finding the right of property and the right of possession in the plaintiff, should have been construed in the light of the special finding, as a determination by the jury that plaintiff was entitled to the possession of the property in dispute as mortgagee, and that the value of his special property was intended to have been determined by the jury at $117.17, the amount of his debt and interest, and that the value of the property was $160. We think

this verdict was sufficient to have supported a judgment
by the trial court, finding plaintiff entitled to the posses-
sion of the property, and that the value of his special
property in the corn replevied was $117.17, and awarding
him a judgment for the costs of the suit. Instead of ren-
dering such a judgment as this, the trial court rendered
a judgment finding generally for plaintiff. In this, we
think, there was technical and possibly substantial error.
But as we are of opinion that the verdict of the jury was
modified by its special finding, which supports a judgment
as above suggested, we recommend that the judgment of
the district court be reversed and the cause remanded,
with directions to the district court to enter a judgment on
the verdict of the jury, finding that plaintiff is entitled to
the possession of the property replevied, under his mort-
gage lien, and that the value of his possession was, at the
time of the return of the verdict, $117.17, with interest at
7 per cent. from the date of the verdict, and that he re-
cover his costs.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is reversed and
the cause remanded, with directions to the district court
to enter a judgment on the verdict of the jury, finding
that plaintiff is entitled to the possession of the property
replevied, under his mortgage lien, and that the value of
his possession was, at the time of the return of the ver-
dict, $117.17, with interest at 7 per cent. from the date
of the verdict, and that he recover his costs.

REVERSED.